

Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone: (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE, | Case No.: **3:22- cv- 985  SI** |
| Plaintiff, | CIVIL RIGHTS COMPLAINT: |
| vs. | 42 U.S.C. § 1983: FIRST AND FOURTEENTH AMENDMENTS; |
| OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, THE HON. ANN LININGER,THE HON. ALISON EMERSON, THE HON. JOSEPHINE MOONEY, THE HON. JACQUELINE KAMINS, THE HON. KATHIE STEELE, CAROL BERNICK AND MEGAN LIVERMORE (in their official capacities as CEO of the OSBPLF), MICHAEL WISE, JEFFREY EDELSON, DESCHUTES COUNTY SHERIFF'S DEPARTMENT, MATTHEW YIUM, NATHAN STEELE, WARD GREENE, ANTHONY ALBERTAZZI and JOHN DOES (1-5), *et al.,* | 42 U.S.C. § 1985: CONSPIRACY;<br><br>OREGON CONSTITUTION VIOLATIONS OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS.<br><br><br><br>JURY TRIAL REQUESTED |
| Defendants. | |

///

///

PAGE 1.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTION RELIEF**

Plaintiff Timothy Rote brings this action for economic, noneconomic and punitive damages for the defendants abridging, and conspiring to abridge the plaintiff's First and Fourteenth Amendment rights of the United States Constitution and to that extent also violations of the Oregon Constitution.

On April 28, 2021, TLC star Joshua Duggar was indicted in Federal Court on one count of receipt of child porn, one count of possession of child porn, and a forfeiture allegation. At his trial in November and December 2021, Homeland Security expert James Fottrell testified that Duggar (1) partioned (split) his hard drive in to two components, one where he conducted his regular business and the second where Duggar maintained his child porn; and (2) that Duggar installed a peer to peer program (uTorrent) so that this child pornographic material could be shared with others. Fottrell was able to view photo and video files, including files previously deleted by Duggar, videos like "pedomom" as well as lewd images of an 8-12 year old girl. In December 2021 a jury found Duggar guilty of these crimes. Duggar was sentenced to 15 years in prison.

Like Duggar, computer forensic experts Steve Williams and Mark Cox opined that Max Zweizig had partitioned his issued hard drive and installed a peer to peer program like BitTorrent, where Zweizig maintained his child porn. Like Duggar, the experts testified that Zweizig's computer hard drive containing the child porn was not used by anyone after Zweizig reformatted the hard drive and returned it. Unlike Duggar, who was arrested before he had a chance to destroy his computer, Zweizig reformatted the hard drive and was not arrested. Returning his reformatted hard drive to Rote however did break chain of custody and made prosecuting Zweizig problematic. Subsequent forensic reports of Zweizig's hard drive reveal

PAGE 2.    COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

images of child rape and mutilation. Less there be doubt, Zweizig has admitted to crimes of possessing child pornography, child molestation, perjury and extortion.

Plaintiff accuses the state actors and conspirators of engaging in an orchestrated attack against Plaintiff for exercising his free speech in critiquing Zweizig, the court, judicial actors and other conspirators. Plaintiff alleges specific violations of his rights of free speech, procedural and substantive due process.

One of the most frequent tools abused by the judicial actors has been an unauthorized award of attorney fees in anti-SLAPP proceedings. As applied, the unauthorized fee award portion of the procedural actions taken by the state actors is a substantive due process violation and unconstitutional.

The named defendants with full knowledge of Zweizig'c criminal conduct have come to his aid and acted with criminal intent to support the distribution of child pornography and with intent to provide protection for child trafficking and child molestation.

As grounds therefor, plaintiff alleges as follows:

## INTRODUCTION

1. Pursuant to 42 U.S.C. § 1983 and § 1985, Plaintiff alleges the deprivation of rights guaranteed to him by the First and Fourteenth Amendments to the United States Constitution and Oregon Constitution Article I, §8, §10 and §20 and alleges a conspiracy among the defendants to violate those rights.

## VENUE AND JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question), 1343 (3) and (4), as this action arises under the laws of the United States. This is an action for damages for claims brought under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985 for the redress of

PAGE 3.    COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

rights secured by the United States Constitution and for those violations perpetrated by Defendants.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendants are residents of Oregon, the due process violations occurred in Oregon by Defendants employed by state agencies and/or Departments or Defendants conspiring with state agencies.

## PARTIES

4.   Plaintiff Timothy Rote (Rote) is a citizen of the United States and a resident of the state of Oregon.

5.   Defendant Oregon Judicial Department (ODJ) is the judicial branch of government of the state of Oregon in the United States. The chief executive of the branch is the Chief Justice of the Oregon Supreme Court. The Oregon Judicial Branch has been aware of the abuses of the PLF, payments and benefits to the judiciary and acts of retaliation by the state judicial actors named in this complaint and the compromise to due process without intervening.

6.   Defendant Oregon State Bar Professional Liability Fund (PLF), while separately run, operates under the umbrella of the Oregon State Bar. The Oregon State Bar Board of Governors created the Professional Liability Fund in 1977 pursuant to state statute (ORS 9.080) and with approval of the membership. The PLF first began operation on July 1, 1978, and has been the mandatory provider of primary malpractice coverage for Oregon lawyers since that date. The PLF is a captive insurance agency that has no mandatory reporting requirement. The PLF was put on notice of the perjury, subornation of perjury and other crimes perpetrated by Berncik, Livermore and PLF Vendors and chose to take no action.

7.   Defendant Carol Bernick (D) is the immediate past Chief Executive Officer of the Oregon State Bar Professional Liability Fund ("PLF"). She is the recipient of the Peter Perlman

Service Award from the Litigation Counsel of America and a Fellow in the College of Labor & Employment Lawyers. She previously was a member of the board of the Multnomah Bar Association, where she chaired the Judicial Selection Committee and to this day exercises power and influence over judicial appointments and due process. Bernick has solicited and endorsed most of the ten acts of perjury and subornation of perjury and engineered the assignment of pro tem Judges friendly to the PLF. Bernick also authorized the gratis representation of Zweizig (in multiple state cases) without mandate and requirement, in fact in violation of the PLF charter. Zweizig confirmed his free representation by the PLF, and that he did not solicit that representation, in his deposition on December 21, 2020. Bernick served as interim CEO of the PLF from January 1, 2021 through June 2021, with the resignation of Nena Cook. Bernick had previously served as CEO from January 1, 2016 through December 31, 2020.

8.   Defendant Megan Livermore (D) became the Chief Executive Officer of the Professional Liability Fund on July 1, 2021. Prior to joining the PLF, Ms. Livermore was a business and real estate attorney in Oregon for over 15 years, with the majority of her legal career spent at two Eugene law firms – Gaydos Churnside & Balthrop PC and, most recently, Hutchinson Cox. She focused her practice around advising clients on strategic planning, business transactions, IP management, commercial and residential real estate transactions, and cannabis law. Livermore was instrumental in aiding and abetting the criminal conduct of attorneys Nathan Steele, Anthony Albertazzi and Matthew Yium, all of whom are direct and indirect beneficiaries as PLF vendors.

9.   Defendant Kathie Steele (D) is the immediate past Presiding Judge for the Clackamas County Circuit in Oregon. Judge Steele's staff refused to allow plaintiff Rote to file documents into several cases in a series of reverse discrimination, effectively denying plaintiff access to

PAGE 5.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

litigation as a right of due process. On information and belief, Kathie Steele knew of these criminal acts, endorsed them, also solicited the PLF to represent Zweizig and strategized with other defendants including Michael Wise on how best to retaliate against plaintiff. The non-judicial acts of Judge Steele include but are not limited to soliciting Judge Ann Lininger of the Clackamas County Court and Pro Tem Judge Michael Wise to award excessive and unlawful legal fees to opposing parties in anti-SLAPP Motion proceedings in Clackamas case 19cv01547, 19cv14552 and 18cv45257.

10. Defendant Ann Lininger (D) is a judge on the Clackamas County Circuit Court in Oregon. The court has jurisdiction over Clackamas County and is located within the 5th Judicial District. She was appointed by Gov. Kate Brown (D) on July 12, 2017. Lininger was a Democratic member of the Oregon House of Representatives, representing District 38. She was first appointed to the chamber on January 29, 2014, to replace Chris Garrett, who resigned to take a seat as a judge on the Oregon Court of Appeals. Lininger had not practiced law for more than ten years before being appointed to the Bench. Lininger knowingly and intentionally awarded legal fees above what is authorized by law with the intent of punishing Plaintiff for his stance opposing the distribution of child pornography.

11. Defendant Michael Wise Michael is a Past President of the Oregon Trial Lawyers Association and currently serves as Judge Pro Tempore for Clackamas County. He is an executive member of the American Board of Trial Advocates, a long-time Oregon Super Lawyer, a Top 100 Trial Lawyer, an elected member of America's Top 100 High Stakes Litigators, and is the highest A/V rating in Martindale Hubbel. Wise continued to act as a Pro Tempore Judge after his term expired. He went on the record in case 18cv45257 as having been recruited by Steele and Lininger and made other assertions about his relationship with the PLF

that have since been found to be false. Wise used his position to grant an anti-SLAPP and award legal fees above what is authorized by law.

12. Defendant Judge Alison Emerson (D) is a judge on the Deschutes County Circuit Court in Oregon. The court has jurisdiction over Deschutes County and is located within the 11th Judicial District. She was appointed by Gov. Kate Brown (D) on February 2, 2020 and is an active member of the Democratic party of Deschutes County. Judge Emerson took multiple actions ex parte to aid and abet the distribution of child pornography and trafficking in Deschutes County and using attorney fee awards to punish Plaintiff's critique of court support of child predator Max Zweizig.

13. Defendant Nena Cook (D) became the Chief Executive Officer of the PLF effective January 1, 2020. Cook has been a civil litigator in Oregon for more than 25 years. Most of her legal career has been spent with two mid-sized Portland law firms, Ater Wynne LLP and Sussman Shank LLP. Until recently Cook was hired by the PLF and Bernick to provide free legal services to Max Zweizig, a non-attorney, in Clackamas County Case 19-cv-14552 and 19cv01547. On information and belief the representation was based on a request by Steele, Bernick and other defendants targeting plaintiff Rote for naming Bernick as a defendant in Clackamas case 18cv45257 and for Rote opposing the decriminalization of pedophilia.

14. Defendant Josephine Mooney (D) was appointed in May 2019 to the Oregon Court of Appeals by Gov. Kate Brown (D). Judge Mooney grew up in the Midwest. She earned her J.D. at the University of Oregon - School of Law. She served on the Oregon Circuit Court Judges Association Executive Committee from 2011 – 2016 and is currently a member of the OSB Litigation Section Executive Board, OGALLA, OWLs and the Lane County Bar Association. Judge Mooney mentors law students and new lawyers through bar groups and the UO Law

School. She is married with two grown children and is a member of the United States Bowling Congress. Judge Mooney was part of the Oregon Court of Appeals group of Judges who publicly endorsed the use of unauthorized attorney fee amounts to punish Plaintiff's opposition to the distribution of child pornography.

15. Defendant Jacqueline S. Kamins (D) was appointed by Governor Kate Brown (D) to the Oregon Court of Appeals in January 2020. Judge Kamins has spent the bulk of her career in public service. She served for nearly ten years at the Oregon Department of Justice Trial Division where she handled a wide range of cases including criminal, civil rights, class actions, and other cases deemed significant for the state of Oregon. She also served in the Multnomah County Attorney's office handling both trial level litigation and appeals. Prior to joining the Court of Appeals, Judge Kamins bookended her career in private practice, beginning at an international law firm in Washington, D.C. and finishing at the Portland firm Markowitz Herbold. Kamins authored the Oregon Court of Appeals Opinion that endorsed the use of unauthorized fee awards in anti-SLAPP actions to punish Plaintiff for opposing publicly the distribution of child porn and for critiquing the Court's endorsement of those actions.

16. Defendant Jeffrey Edleson (D) is an attorney and a shareholder of the Markowitz Herbold firm. He served as a law clerk to U.S. District Judge Owen M. Panner in 1991, until joining Markowitz Herbold later that year. Jeff serves on the board of directors for the Campaign for Equal Justice, which funds legal aid for low-income Oregonians. He is a former board member and membership chair for the Oregon chapter of the Federal Bar Association, and a board member of Congregation Kesser Israel, and Lake Oswego Corporation. In 2021 Edelson made a statement under oath that Plaintiff, while a client of the Markowitz firm, did not interact and receive counsel from Lynn Yakamoto (D), who was while with the Markowitz firm a member of

PAGE 8.   COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

the appeal group, shareholder and manager of the firm. Yakamoto went on to author the Oregon Supreme Court opinion supporting child predator Max Zweizig. Plaintiff opposed Yakamoto's participation in the matter as biased since Plaintiff had sued the Markowitz firm and Edelson for malpractice and intentionally interfering post termination with an arbitrator's independence.

17. Defendant Nathan Steele (D) is an attorney practicing and residing in Deschutes County Oregon and is a vendor of the PLF. In 2021 Steele represented Anthony Albertazzi and petitioned for legal fees in his successful anti-SLAPP Motion. Steele intentionally pursued fees that he charged for portion of the litigation not associated or reasonably connected to the anti-SLAPP that would not otherwise be awarded. His fee petition represents a fraudulent billing practice endorsed by the PLF and approved by defendant Michael Wise. Steele charged more than 4 times what other PLF vendors had charged in comparable proceedings and his fee petition showed the excessive and unrelated charges. Steele is on the finance committee for Judge Alison Emerson and freely admits to soliciting favors from Judge Emerson. The fee petition constitutes a crime.

18. Defendant Ward Greene (D) is an attorney practicing and residing in Multnomah County. Greene is accused of many criminal acts and represented Max Zweizig in an anti-SLAPP fee action against the counterclaims raised by Timothy and Tanya Rote in case 19cv01547. On successfully litigating the anti-SLAPP, Greene pursued an award of attorney fees for $20,970. Greene also represented Zweizig on a collections action and incurred time for that and other activities unrelated to the anti-SLAPP. Greene's fee petition produced detailed billing statements that identified the anti-SLAPP and activities unrelated and not reasonably connected to the anti-SLAPP. The other activities are not fee entries permitted under the anti-SLAPP statutes. Defendant Ann Lininger granted the full fee petition in spite of the evidence showing that 60%

of the time was for Summary Judgment and Discovery activities. The fee petition constitutes a crime.

19. Defendant Anthony Albertazzi (D) is an attorney practicing and residing in Deschutes County. Albertazzi represents child predator Zweizig and has filed multiple knowing false declarations in multiple cases effecting Plaintiff and solicited an order ex parte from Defendant Emerson restricting Plaintiff's sale of property. Albertazzi engaged in further criminal acts, such as conspiracy with the assistance of Deschutes County Sheriff's office and Emerson to perpetrate a due process violation by taking property from Plaintiff, property published under a false name by Deschutes County Sheriff to eliminate bidders.

20. Defendant Deschutes County Sheriff is by its name self-evidence as to its jurisdiction. The Sheriff office is responsible for publishing real and personal property sales and holding an auction of that property. In 2021 and 2022 the Sheriff's office published falsely to sale the stock owned by Timothy Rote in a company called Northwest Homes, Inc. The writ had been issued for the sale of stock owned by Timothy Rote in Northwest Direct Homes, Inc. Deschutes County refused to correct the name and for other imperfections raised by Plaintiff Rote. Instead the sale went through on February 2, 2022 and there were no bidders. The design of the action is to publish the sale of property under a false name and for there to be no bidders. Albertazzi then on behalf of Zweizig had the opportunity to steal the property without satisfying the judgment. The scheme participants include defendants Albertazzi, Emerson, Nathan Steele and the Deschutes County Sheriff. The Scheme constitutes racketeering under Federal and Oregon law, in this case in favor of child predation. Deschutes County Court set the sale aside on June 16, 2022

21. Defendant Matthew Yium (D) is an attorney practicing and residing in Multnomah County. Yium represented Bernick, the PLF and Cook in case 18cv45257. During the course of

that representation Yium moved Defendant Wise to quash the subpoena of the insurance representation agreement between Max Zweizig and the PLF. Yium then filed a knowingly false fee petition for the anti-SLAPP successes claiming inter alia fees for 9th Circuit Court representation, wherein Plaintiff Rote prevailed. The fee petition shows what appears to be common knowledge that the Court's will approve attorney fees not otherwise authorized by law as an act of retaliation against Plaintiff for this and other lawsuits and because Plaintiff opposes the distribution of child pornography.

### STATEMENT OF FACTS

22.  Plaintiff filed a dissimilar Civil Rights lawsuit in federal court (3:19-cv-01988) in 2019 and has since been denied the opportunity to add defendants and to add claims. Because the civil Rights abuses continued unchecked, Plaintiff is now forced to file yet another lawsuit, this lawsuit, focusing on violations of substantive due process.

23.  The Oregon Court's predominantly compromised of registered Democrats support the decriminalization of the distribution of child pornography and have through their institutions, departments and agencies established a policy of targeting opposition to child porn by using unauthorized awards of legal fees and other schemes designed to take the opposition's property.

24.  Plaintiff is a target of that policy and attorney fees not authorized by law or statute have been awarded to child predator Zweizig and other in support of the Oregon Judicial Department's institutional policy favoring child predation. Those awards of unlawful attorneys fees are against Plaintiff and members of his family.

25.  Plaintiff Rote pursued previously a malicious use of a civil proceeding claim in Clackamas County, case 19-cv-14552, against Zweizig and his legal team which includes Sandra Ware, Joel Christiansen and Linda Marshall. The Oregon State Bar PLF provided representation

PAGE 11. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

to Christiansen and Marshall immediately. In 2019, plaintiff discovered the PLF has also provided free legal services to Zweizig and Ware. Zweizig also confirmed this representation in his December 21, 2020 deposition and that he had not solicited the representation.

26. In the interim Judge Kathie Steele refused to process plaintiff's Motion for default Judgement against Zweizig and Ware more than four times from June through September 2019. Law clerks working for Judge Steele acknowledged that they were motivated to stop the default out of support for Zweizig. On information and belief, federal Judge Michael Mosman solicited this violation of due process directly from Kathie Steele.

27. Once email service to Zweizig and Ware had been approved and with the Fifth Motion for Default pending, the Oregon State Bar PLF, with the approval of Carol Bernick, hired Nena Cook to represent non-attorneys Zweizig and Ware. The only plausible support for firing to repair malpractice is a letter the Marshall inadvertently issued to plaintiff Rote outlining Zweizig's and Ware's intent to use the baseless 3:14-cv-406 litigation to extort a settlement and defame plaintiff Rote. Ultimately the client attorney privilege letter was sealed under a protective order, but the publishing of that letter to secure PLF representation would remove privilege.

28. Kathie Steele refused to allow Plaintiff Rote to even file a Motion in Clackamas to reopen the protective order under seal. The Clerk was repeatedly told not to process the Motion, forcing Rote to file the Motion to Supplement evidence without seal.

29. Plaintiff alleges the PLF decided to represent Zweizig out of a retaliatory act given that plaintiff had sued the PLF and Bernick for Oregon RICO citing more than ten counts of perjury, subornation of perjury, fraud, conspiracy and aiding and abetting child porn.

30. Plaintiff requested confirmation by the PLF on October 1, 2019. Nena Cook did not confirm that she was hired by the PLF until November 14, 2019 and after she filed a false

pleading to dismiss Ware from 19CV14552, failing therein to disclose to the court that the letter causing her appointment also vitiates the argument against Ware's argument of lack of jurisdiction.

31. The PLF has a $100 Million war chest, which generates $25 Million year in premium revenue, paying only $2.5 million in claims. The PLF refuses to disclose annually the direct and indirect payments to the judiciary even under an FOIA request. The PLF is considered a quasi-government agency organized under Oregon's Judicial Branch. As of this time, the PLF has refused to respond to a subpoena for documents on coverage of the defendants in Clackamas case 18cv45257 and the coverage of Zweizig and Ware. The PLF's collusion with Judge Mosman and Kugler to dismiss the malpractice claim against Brandsness and the PLF in the amount of no less than $1,000,000 is one of the many predicate acts to Oregon and Federal RICO, is a violation of the Hobbs Act, 18 U.S.C. § 1951 and may well represent an act of extortion by the PLF.

32. Zweizig filed another fraudulent transfer action against Rote and Tanya Rote, plaintiff's wife, case 19cv01547. After two years of discovery, the Rote's prevailed on their Motion for Summary Judgment, Zweizig providing no evidence to support his claims. In the interim however the Rote's have again been severely damaged. The Rote's sought counterclaims for slander of title and interference with the contract, Zweizig having filed his action in Clackamas case 19cv01547 in January 2019 just before the closing of a sale of property owned by non-debtor Tanya Rote. Judge Lininger of the Clackamas County Court granted Zweizig's anti-SLAPP Motion as to those counterclaims and awarded $20,970 in attorney fees to Zweizig on July 15, 2020. The fee petition by Zweizig counsel included a declaration and attached billing records by counsel Williams Kastner and partner Ward Greene. Those records showed that 66%

of the $20,970 awarded was specifically identified to other actions by Williams Kastner and not reasonably connected to the anti-SLAPP. The fraudulent fee award was constitutes a violation of the Hobbs Act, and predicate acts under Federal and Oregon RICO.

33. On December 21, 2020 (case 19cv01547) Max Zweizig admitted in a deposition and under oath that he duped the jury in case 3:15-cv-2401, lying about the existence of forensic reports showing that he did download and disseminate child porn from an employer owned computer used exclusively by Zweizig in his home in New Jersey from 2001 through mid-May 2003. Zweizig admitted that his former attorney, Ward Greene, resigned after evaluating the computer forensic reports showing Zweizig's child porn and other criminal activity. Zweizig admitted that his former attorney, Ward Greene resigned no longer wanting to be associated with Zweizig and the raping of children. Zweizig admitted that the PLF represented him in cases 19cv14552 and 19cv01547, without request or repair and on information with the full knowledge that Zweizig is still engaged in the dissemination of child porn. Representation was solicited by the defendants and the free assistance implicates the Hobbs Act and predicate acts under Federal and Oregon RICO.

34. The jury award in case 3:15-cv-2401 was appealed to the 9th Circuit on multiple grounds. 9th Circuit Judge Richard Paez requested assignment to this case. Under Oregon Law (*Livingston* case), a non-signatory may compel arbitration against a signatory plaintiff if the claims are contemplated under the contract. In 2011 Zweizig was awarded damages under ORS 659A.199, .230 and .30(1)(f). Zweizig argued for affirmation of the award. The case was affirmed by the USDCOR, by Judge Papak. In 2015 Zweizig pursued claims under ORS 659A.199, .230 and .30(1)(f) and (g) and against the same parties. Judge Paez refused to bound by Oregon law and compel arbitration. The 9th Circuit is bound by Oregon law on the issue of equitable estoppel,

*Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 (9th Cir. 2012). On information and belief the defendants solicited Judge Paez to refuse to follow Oregon law in favor of Zweizig and the trafficking of children.

35. In November 2021, Deschutes District Court Judge Alison Emerson permitted the execution of a Writ of Sale on Stock allegedly owned by Timothy Rote in Oregon Corporation Northwest Direct Homes, Inc. Rote, Plaintiff in this case, objected to the sale noting that the stock was not owned by him. On January 20, 2022, before Judge Emerson of Deschutes County, opposing counsel asked that Rote testify as to the ownership of the stock of Northwest Direct Homes, Inc. Rote testified that the stock was owned by an irrevocable trust. Plaintiff in that case put on no evidence that could refute Rote's testimony.

36. Deschutes County Sheriff published the Public Notice of their Intent to sale the stock, but of Northwest Homes, Inc., a corporation that does not exist. Plaintiff Zweizig through counsel Albertazzi in that case, intentionally did not correct the Deschutes County Sheriff on its publication of the incorrect name and said Sheriff would not correct the publication of intent when Rote put them on notice of the sale of a nonexistent corporation. The sale of the stock proceeded with no bidders but Zweizig.

37. Rote moved to set aside the sale of the stock and further alleges that Judge Alison Emerson accepted a bribe of $25,000 to permit the sale to go through, knowing the proper form of due process was for Zweizig to bring a fraudulent transfer action against Rote. A criminal complaint against Zweizg, Albertazzi , Nathan Steele, Alison Emerson and Bend police officer Emerson has been filed with the FBI, DEA and Homeland Security. The structure of the sale has been used by criminal organizations for some time, wherein they acquire properties for pennies

on the dollar with the aid of the Sheriff's department. The Deschutes County Court set the sale aside on June 16, 2022, but that does not negate the damage done.

38. In May 2021 Nathan Steele moved to strike the amended Oregon RICO complaint against Anthony Albertazzi. Steele prevailed on that Motion before Judge Pro Tempore Michael Wise. Steele's Motion to Dismiss sought to dismiss the complaint via an anti-SLAPP action and otherwise a Motion to Dismiss for failing to state a claim. Had the Motion been granted for failing to state a claim there would be no authorized fee petition. If granted under the anti-SLAPP, a fee petition for the time and to that extent would only be granted.

39. During the same time frame, the PLF sought to remove Nena Cook via a Motion to Dismiss for failure to state a claim or in the alternative under Oregon's anti-SLAPP. Michael Wise also granted that Motion although it was not clear whether the Motion was granted under the anti-SLAPP or Motion to Dismiss. Matthew Yium's fee petition on behalf of Nena Cook for the anti-SLAPP portion was only for 27 hours, in contrast to Steele's which was for almost 90 hours. Nathan Steele's petition was granted. Yium's fee petition is still pending.

40. The fee petitions by Ward Greene in 19cv01547 and Nathan Steele's in 18cv45257 are distinguishable from other anti-SLAPP actions because the billing detail shows that most of the time incurred and sought was not for the anti-SLAPP nor reasonably connected to the anti-SLAPP. What Plaintiff alleges is that this shows that both Lininger and Wise knew that most of time sought by Greene (Zweizig) and Steele (Albertazzi, Zweiizg and the PLF) was not authorized by the anti-SLAPP statutes but nonetheless was awarded as an act of retaliation.

41. In order to present the retaliatory animus of the Lininger Court, Judge Lininger adopted a draft order prepared my vendors of the PLF, which is essentially alleged that the defendants in case 19cv01547 were filing Counterclaims in order to cause harm to child predator plaintiff

PAGE 16. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Zweizig and to otherwise delay the proceedings. Less than a year after Judge Lininger issued that order on the attorney fees, Plaintiff Zweizig's fraudulent transfer claims were dismissed with prejudice after more than two years of discovery. The Court further found that Zweizig's lawsuit was objectively unreasonable.

42.  Right after Judge Lininger issued her award of attorney fees on the anti-SLAPP in case 19cv01547, Ward Greene resigned from representing child predator Max Zweizig. In Zweizig's deposition in that case of December 21, 2020, Zweizig admitted that ward Greene resigned no longer wanting to be associated with Zweizig and the raping of children. Soon after Zweizig's deposition was published to the Court and public, Zweizig sought to suppress his deposition admissions in case 19cv01547. The Court denied Zweizig's Motion.

43.  Most states require a Plaintiff pursuing a money award to file a bond to protect the restraint of use of a property owned by a defendant in a fraudulent transfer action. Zweizig as Plaintiff in that case was allowed to issue a *lis pendens* that interfered with a sale of the underlying property owned by Tanya Rote. The counterclaims asserted by the Rote's, as defendants in that 19cv01547 case, were the very damages that almost all states recognize. The anti-SLAPP was used to restrain the Rote's from pursuing their damages in counterclaims arising from Zweizig's unsuccessful fraudulent transfer action against non-debtor Tanya Rote.

44.  In a hearing on the anti-SLAPP's brought by Nathan Steele and Matthew Yium on behalf of their respective clients, in September 2021, Judge Pro tempore Michael Wise admitted that Defendant Kathie Steele and Ann Lininger encouraged Wise to become a Judge pro tem of Clackamas County. Judge Wise also claimed that he had been recently sued for malpractice by one of his clients and that the PLF had hired counsel to represent him. He further claimed that Matt Kalmanson was hired by the PLF to represent him. Other than that Kathie Steele and Judge

Lininger asked Wise to take on the 19cv01547 case, none of the other statements made by Wise turned out to be true and Wise's granting of the anti-SLAPP and award of unauthorized fees are treated as substantive due process violations. The dismissal of Albertazzi, Cook, Bernick and the PLF are under Appeal to the Oregon Court of Appeals. The award of attorney fees to Albertazzi will be under appeal once the order is signed. In the most recent past, Kathie Steele signed the order for Michael Wise. As of 2022, Wise is not on the Oregon Judicial Departments list of approved pro tempore Judges. Plaintiff is entitled to an interpretation of Wise's involvement and his actions in the conspiracy to deny Plaintiff substantive due process.

45.    The unauthorized and excessive fee award to Max Zweizig by Lininger via Ward Greene's petition evidence was appealed to the Oregon Court of Appeals, case A174364. In spite of the opposing party not disputing that 60% of Greene's fees were not associated with the anti-SLAPP, the Oregon Court of Appeals affirmed without opinion. That Court order affirming Judge Lininger's fee award was issued on February 16, 2022. Defendant Mooney was the presiding Judge on behalf of the Oregon Court of Appeals, affirming the unlawful award of attorney fees. That award was appealed to the Supreme Court of Oregon. The Supreme Court of Oregon denied review on July 7, 2022, necessitating the filing of this complaint.

46.    Subsequently, Helen Tompkins who represented Zweizig and Greene on appeal of the attorney fees petitioned for her own legal fees of $22,000. The Petition for legal fees was granted in part on May 19, 2022 by Judges Mooney and Kamins. The Opinion issued by presiding Judge Kamins in that award of attorney's fees on appeal specifically alleged that the appeal of unauthorized attorney fees by reference to Ward Greene fee petition billing statements was objectively unreasonable. Plaintiff perceived that statement as a threat derived from the Court's interest in supporting child predator Max Zweizig. The underlying billing statements by Ward

Greene very clearly show time for defending Motions for Summary Judgment, time for Discovery and a multitude of other entries unrelated to the anti-SLAPP action and not reasonably connected to the anti-SLAPP. Those fees are not recoverable under the anti-SLAPP statutes and the award of those fees constitutes a constitutional violation.

47. The use of excessive awards of attorney fees that are otherwise unauthorized by law is a pattern of behavior by the Oregon Courts that implicates retaliation for the Plaintiff's pursuit of his First and Fourteenth amendment rights and particularly invokes a finding that substantive due process is being denied Plaintiff by intent. The objective evidence of overbilling on activity unrelated to the anti-SLAPP is irrefutable and the Court's retaliatory animus is objectively unreasonable.

48. The beneficiaries of that intent are the Oregon attorneys named as defendants, the lower Court's acts, and of course child predator Max Zweizig. It appears to be well understood by the defendant attorneys and the PLF that the Oregon Courts will remain unchecked in their abuse of the Plaintiff's Constitutional rights.

49. In March 2022, Defendant Albertazzi and Zweizig petitioned the Court for a release of bond proceeds held in case 19cv01547. By Declaration, both Albertazzi and Zweizig swore that the package requesting the release of funds was accurate. In a May 2022 hearing, this Plaintiff pointed out to Clackamas Court that Exhibit 3 of the Albertazzi package was an Appellate judgment in case 19cv14552 and that no such Appellate judgment has yet been issued in case 19cv01547. This latest Motion and Declaration by Albertazzi and Zweizig represents the sixth fraudulent act of perjury and false swearing in the 19cv01547. These acts have gone unpunished in spite of the Plaintiff's petition for damages and contempt.

50.  By contrast, in October 2020, Albertazzi asked Judge Alison Emerson to hold Timothy Rote in contempt because Rote, Plaintiff in this case, executed the responses to interrogatories by Declaration subject to perjury as opposed to using a Notary (who were hard to find during the pandemic).

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. §1983
### Violation of Plaintiff's First Amendment Rights

### Against All Defendants

51.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.  In all claims in this action against the Defendants the plaintiff alleges that the Defendants worked in concert and with intent to award excessive and unauthorized attorney fees to unlawfully punish Plaintiff.

53.  The Defendants acted with intent to deny Plaintiff his right of free speech and due process in state court and in the pursuit of state tort claims, rights guaranteed under the U.S. Constitution and Oregon Constitution.

54. The Oregon Judicial Department, its Agencies, its Attorneys authorized to practice law and co-conspirators pursued these violations and other acts of retaliation while hiding under the cloak or color of state law.

55.  Plaintiff alleges that these acts retaliation were solicited under color of any statute, ordinance, regulation, custom, or usage of Oregon State Law that constituted a deprivation of his rights, privileges, or immunities secured by the Constitution and laws.

56.  Plaintiff also alleges that the acts of retaliation were violations of the Oregon Constitution, Article I, Section 8, which states that "No law shall be passed restraining the free

expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

57.  Plaintiff Rote exercised his constitutional right to freedom of speech by blogging, tweeting and otherwise publishing about matters of public concern and national debate, among them being the efficacy of arbitration, failures of the judiciary to reign in arbitrators, the right to file a complaint to a body administering judicial conduct without fear of repercussion and persecution, to disclose ex-parte and other forms of misconduct by court staff when found, to publish the results of ongoing litigation and to question the court's adopting a poster child who disseminates child porn. Plaintiff also exercised his constitutional right of petition for redress of the defendants' conscious targeting plaintiff for exercising his right of petition including the filing of this case.

58.  Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

59.  The acts abridging Plaintiff's rights more specifically herein include aid and abetting and collusion to (1) defer and delay Plaintiff's state tort claims including a malpractice claim that would mitigate the judgment in case 3:15-cv-2401; (2) assess legal fees against Plaintiff in actions without attendant fee support; (3) representation of defendant attorneys engaged in the dissemination of child porn, child molestation and trafficking; (4) dismissal of plaintiff's claims in other actions forcing Plaintiff to suffer damages up to and including the time in which the dismissals were reversed; (5) refusing to sign orders or allow Plaintiff the proper venue in state Court, and others, all of which were taken under color state law.

60.  Zweizig and his attorneys, and those attorneys representing the PLF (a state agency) petitioned the defendant actors to punish Rote for Rote's public critiques of the Court. Those solicitations of bias were repeated more than a dozen times including by the PLF and its vendors

(an arm of the state judicial department). Defendants embraced those solicitations of bias by and through violations of due process.

61.  Defendants' acts were designed to punish and discourage the open publication of critiques of the court and court staff, among those cited including but not limited to ex-parte contact between Defendants Alison Emerson and Nathan Steele, Defendants Michael Wise, Ann Lininger and Kathie Steele, and judicial endorsed acts of perjury, concealment of perjury that serves the interest of judicial actors, financial malfeasance, the destruction of trial recordings, harassment, intimidation, using law enforcement to intimidate and punish Plaintiff, such as the unlawful taking of Plaintiff's stock in Northwest Direct Homes, Inc., etc.

62.  Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by the Court, the PLF and other Defendants, which included entering into a confidential legal representation agreement with Zweizig designed to deny Plaintiff Rote his malpractice claim and to quash the subpoena of that agreement. Defendants solicited state judges, those named defendants and other within the state judiciary to retaliate against Plaintiff. The acts of retaliation are widespread.

63.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered economic damages and harm to his reputation.

64.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

65. Rote seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

66. Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Rote and all persons re citizens of the United States, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. §1983**
**As Applied Due Process Violations of Plaintiff's Right To An Impartial Tribunal As Guaranteed By The Fourteenth Amendment**

**Against All Defendants**

67. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68. 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment, provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

69. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

70. Defendant attorneys were encouraged to knowingly file excessive fee petitions with the State Court. The PLF, as an agency of the Oregon Judicial Department, instructed their vendor attorneys to file fee petitions that were facially excessive and unsupported by law. The judicial actors identified as defendants in this action embraced the persecution of plaintiff without regard to the truth, facts, law or consideration that their acts violated due process, aided and abetted the dissemination of child pornography and expanded the footprint of child trafficking.

71. Among the abuses by the court include collusion in the misconduct of opposing counsel, aiding and abetting in the filing and award of excessive attorney fees to punish the plaintiff for

PAGE 23. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

the exercise of his constitutional right to due process. While procedurally due process may have been accomplished, the award of excessive legal fees not authorized by statute constitutes substantive due process violations. Those excess awards are easily determinable by the objective evidence supplied to the Court and the definitive outline of those excesses.

72.  The acts of defendants when measured against applicable law, res judicata, un-refuted facts, were objectively unreasonable and unsupported, most often presented as a commitment to ignoring proffered evidence to pursue acts of retaliation against Plaintiff.

73.  The acts of defendants described herein were taken under color of state law.

74.  Defendants' acts violated Rote's rights under the Fourteenth Amendment of the United States Constitution, and made applicable and mandatory to the State of Oregon.

75.  Defendants' constitutional abuses and violations were and are directly caused by policies, practices and/or customs devised, implemented, enforced, encouraged and sanctioned by Defendants including: (a) the failure to adequately and properly train and supervise State employees; (b) the failure to properly and adequately monitor and discipline State employees; (c) the overt and tacit encouragement and sanctioning of, and failure to rectify, the practices that led to the Fourteenth Amendment violations here.

76.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered economic damages and suffered harm to his reputation.

77.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

78. Rote seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

79. Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Rote, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. §1985
### Conspiracy to Violate Civil Rights

### Against All Defendants

80. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 79 as though fully set forth herein.

81. 42 U.S.C.§ 1985 claims arise from: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

82. The defendants knowingly and willing conspired to punish Rote for his public speech, denied Rote critical elements of due process influencing or deciding the outcome of litigation to which Rote was a party, by defendants objectively unreasonable bases in law and fact nefariously masquerading as judicial deference, with the intent of hurting Rote to whom they also ascribe a separate socio-economic class and as a business owner.

83. Any single act stands out as an abuse of judicial discretion. The sum of the acts presents a prolonged and calculated pattern of persecution among the defendants as conspirators with the

intent of causing economic harm to Rote, singling Rote out to punish his speech and to deny him due process.

84. The collusion between actors named as defendants in this case and counsel not named as defendants is best defined by counsel filing excessive fee petitions which they reason would be approved consistently though a violation of law, each time a criminal request for the abuse of a public office and each time not sanctioned by the court.

85. Judges of the Oregon Court of Appeals, herein identified as Mooney and Kamins, then have through their refusal to constrain themselves to the anti-SLAPP laws of Oregon fee award statutes, confirmed that Rote has and will continue to be denied due process for opposing the decriminalization of child pornography.

86. In state court, Steele conspired with Lininger and Wise and opposing counsel to punish speech about the court, to deny Rote due process and to deny him an independent triar. Carol Bernick and Livermore aided and abetted in the dissemination of policy that supported the fraudulent fee petitions and in the hiring of PLF vendor counsel to represent Zweizig. In and through these acts the defendants violated Plaintiff's free speech and right to due process. The PLF hired Cook to represent Zweizig free of charge in a quid pro quo relationship and failed to file a 1099 showing compensatory value of more than $100,000 to Zweizig.

87. The defendants conspired to keep the Zweizig representation secret and when it was found out refused to turn over the legal representation agreement, which is a mandatory agreement under Oregon law. The PLF continues to refuse to disclose and publish the agreement. And although the Oregon Court through Judge Wise had not issued an order quashing the subpoena, the PLF has not otherwise published and provided the insurance representation agreement between the PLF and Zweizig.

88.  In 2021, Jeff Edelson aided and abetted Zweizig and the state defendants when committing perjury in his Declaration filed on behalf of admitted child predator Max Zweizig. Defendant Edelson both worked in collusion with Justice Lynn Nakamoto of the Supreme Court of Oregon, who authored the opinion claiming that while the Oregon Tort Act caps noneconomic damages on employment claims, that noneconomic damages outside of the Oregon Tort Act on employment claims are not capped to $500,000. Plaintiff's interpretation of Judge Nakamoto's interest in this uncapped noneconomic damages question is that she identifies as a member of the LGB community as does Defendants Mooney, Kamins, Steele, Bernick, Livermore, Albertazzi and Yium. This act of defiance by Edelson breached client confidentiality beyond the scope of whether Nakamoto had and retaliatory animus caused by the malpractice claim against Edelson and her former firm. While definitive on its intent to engender bias against Plaintiff Rote, the act more specifically shows that the leading law firm representing the state, namely the Markowitz firm, supports the decriminalization and dissemination of child pornography and is willing to engage in perjury to endear themselves to the State.

89.  The defendants' inability or interest in what they perceive to be a back door attack on the LGB community it not well placed and implicates a threat to children in Oregon. Litigant Max Zweizig is a child predator, confirmed by three computer forensic experts (including his own), confirmed by law enforcement and admitted to by Zweizig in his December 21, 2020 deposition.

90.  The state actors and conspirator defendants implicate their respective employer agencies such as the Oregon State Bar Professional Liability Find and departments given tasks under their respective charter confirms that they were acting under the color of the law administered by those employers.

91.  Those employers failed to act even when Rote called for recusal of one or more of them when bias appeared probable or imminent. Those employer agencies and departments chose to not act to protect the civil rights of plaintiff Rote.

92.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered economic damages and harm to his reputation.

93.  As a direct and proximate result of defendants' unlawful acts, Rote has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

94.  Rote seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

95.  Defendants' conduct toward Rote demonstrated a wanton, reckless or callous indifference to the constitutional rights of Rote, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

WHEREFORE, Plaintiff Rote prays for judgment against defendants as follows:

1.    Economic damages in the form of consequential damages and prejudgment interest in an amount to be determined at trial, but not less than $25,000,000;

2.    Noneconomic damages in an amount to be determined at trial, but not less than $50,000,000;

3.    All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against defendants;

4.    Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

5.    Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

6.    Grant such other relief as is just and proper.


PLAINTIFF HEREBY REQUESTS A JURY TRIAL.


Dated: July 7, 2022

s/ *Timothy C. Rote*
Timothy C. Rote
*Pro Se* Plaintiff


PAGE 29.  COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, I filed the foregoing with the Clerk of the Court. Service has not been perfected.

s/ Timothy C. Rote
Timothy C. Rote
*Pro Se Plaintiff*
E-Mail: Timothy.Rote@gmail.com

PAGE 1.    CERTIFICATE OF SERVICE