ELLEN F. ROSENBLUM
Attorney General
NATHANIEL AGGREY #172283
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Nathaniel.Aggrey@doj.state.or.us

Attorneys for Defendants Oregon Judicial Department, Emerson, Kamins, Lininger, Mooney, Steele, and Wise

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, HON. ANN LININGER, HON. ALISON EMERSON, HON. JOSEPHINE MOONEY, HON. JACQUELINE KAMINS, HON. KATHIE STEELE, CAROL BERNICK, MEGAN LIVERMORE, MICHAEL WISE, JEFFREY EDELSON, DESCHUTES COUNTY SHERIFF'S DEPARTMENT, MATTHEW YIUM, NATHAN STEELE, WARD GREENE, ANTHONY ALBERTAZZI, JOHN DOES (1-5),<br><br>    Defendants. | Case No. 3:22-cv-00985-SI<br><br>DEFENDANTS' MOTION TO DISMISS |

Page 1 -   DEFENDANTS' MOTION TO DISMISS
           NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**LR-7 CERTIFICATION**

Counsel for the State of Oregon defendants conferred with plaintiff, Timothy Rote, via email regarding the basis for defendants' motion but the parties were unable to resolve the issues. Consequently, the Court's involvement is required.

**STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b), the Oregon Judicial Department ("OJD"), Hon. Ann Lininger ("Judge Lininger"), Hon. Alison Emerson ("Judge Emerson"), Hon. Josephine Mooney ("Judge Mooney"), Hon. Jacqueline Kamins (Judge Kamins), Hon. Katie Steele (Judge Steele), and Hon. Michael Wise (Judge Wise) (herein collectively "state defendants") through undersigned counsel, move the Court for an order dismissing with prejudice the Complaint (Dkt. # 1).

On December 30, 2021, this Court entered an Opinion and Order dismissing with prejudice *Rote v. Committee on Judicial Conduct et al*, U.S. District Court of Oregon case no. 3:19-CV-01988. In that case, plaintiff alleged that various judges and other individuals and entities conspired to deprive plaintiff of due process regarding a legal dispute between plaintiff and a former business partner. *See* attachment 1, Aggrey Dec. Plaintiff alleged that his constitutional rights were violated with regard to judicial decisions plaintiff viewed as either unfair or wrongfully issued against him. *Id.* In that case, the Court dismissed OJD, and Judges Herndon, Egan, and Steele with prejudice.

In this new complaint (Dkt. #1), plaintiff again raises the same fundamental issues, and re-names some of the same state defendants (e.g., Judge Steele) who were dismissed with prejudice in his previous case. The state defendants now move to dismiss plaintiff's new complaint because: (1) The court lacks subject matter jurisdiction over the claims against the defendants; (2) plaintiff failed to allege facts that state a claim for relief; (3) plaintiff failed to plead sufficient facts to show that defendants have a legally cognizable interest in the outcome of this case; (4) the facts alleged fail to show an equal protection violation; (5) to the extent plaintiff

Page 2 -   DEFENDANTS' MOTION TO DISMISS
          NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

alleges a violation of state law, he failed to allege or provide the required tort claim notice; and (6) declaratory and injunctive relief are not an available remedy to the plaintiff.

This motion is supporting by the points and authorities cited herein and the declaration of Nathaniel Aggrey.

## SUMMARY OF ALLEGATIONS

The complaint seems to allege generally that various judges and individuals conspired to deprive plaintiff of due process regarding previous lawsuits involving plaintiff and a former business partner. Complaint pp. 1-3. Plaintiff appears to allege that his constitutional rights were violated due to judicial decisions, some of which resulted in fees being imposed against plaintiff, that were alleged as either unfair or wrongfully issued against plaintiff. Compl. p. 11.

- Plaintiff alleges that "[t]he Oregon Court's predominantly compromised of registered Democrats support the decriminalization of the distribution of child pornography and have through their institutions, departments and agencies established a policy of targeting opposition to child porn by using unauthorized awards official fees and other schemes designed to take the opposition's property." Compl. p. 11.

- Plaintiff alleges that he is "a target of that policy and attorney fees not authorized by law or statute have been awarded to child predator Zweizig and other in support of the Oregon Judicial Department's institutional policy favoring child predation. Those awards of unlawful attorney's fees are against Plaintiff and members of his family." *Id.* at p. 11.

- Plaintiff alleges that Deschutes District Court Judge Alison Emerson permitted the execution of a Writ of Sale on Stock allegedly owned by Timothy Rote in Oregon Corporation Northwest Direct Homes, Inc. Rote.  Compl. p. 15.

- Plaintiff alleges that Judge Lininger adopted a draft order prepared by the "PLF" and issued an award of attorney fees on an anti-SLAPP case. Compl. p. 17.

- Plaintiff alleges that *pro temp* Judge Michael Wise granted anti-SLAPP and award of unauthorized fees in violation of substantive due process. Compl. p. 18.

- Plaintiff also sues judges on the Oregon Court of Appeals because the Court of Appeals "affirmed without opinion" Judge Lininger's order awarding fees to "Max Zweizig". Compl. p. 18.

Page 3 -    DEFENDANTS' MOTION TO DISMISS
           NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

- The complaint also contains bizarre allegations around Joshua Duggar and child pornography. Compl. pp 1-3.

Plaintiff brings a section 1983 claim, a First and Fourteenth Amendment claim, a section 1985 claim, conspiracy, and other federal statutory and constitutional claims. Plaintiff also allege claims under the Oregon Constitution for procedural and substantive due process violation. Plaintiff seeks injunctive and declaratory relief, economic and noneconomic damages, punitive damages, and attorney fees. (Compl. p. 29).

Contrary to the allegations, plaintiff fails to allege facts showing that the state defendants are liable for a constitutional or statutory violation. Therefore, the state defendants should be dismissed from this case.

## LEGAL ARGUMENTS

### I. Standard of Review.

The federal court is one of limited jurisdiction and unless the party asserting jurisdiction can establish that the court's jurisdiction is proper, the case should be dismissed as a matter of law. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may raise the defense of lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1).

A motion to dismiss for lack of subject matter jurisdiction can be either factual or facial. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the moving party asserts a facial attack on the subject matter jurisdiction of the court, the court is confined to the allegations made in the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). However, if a factual inquiry is made, a court may look beyond the complaint to documents provided by the parties. *Id.* Once a factual inquiry is made, the opposing party has the burden of establishing subject matter jurisdiction. *Id.*

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff's factual allegations must be sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

Page 4 -    DEFENDANTS' MOTION TO DISMISS
         NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

plaintiff's obligation to provide the grounds of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Id.* at 545.  A complaint that does not cross the line from conceivable to plausible must be dismissed.  *Id.* at 547.

In this case, this standard is not met.

## II.    The court lacks subject matter jurisdiction over the claims against the state defendants.

Plaintiff's claims are barred because defendants OJD, and Judges Emerson, Kamins, Liniger, Mooney, Steele, and Wise—to the extent the judges are sued in their official and individual capacities—are immune from this suit based on Eleventh Amendment immunity, and judicial immunity.  Pursuant to Fed. R. Civ. P. 12(b)(1), the Court should dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

The Eleventh Amendment deprives federal courts of subject matter jurisdiction over claims brought by private parties against a state, state agencies, or state officials acting in their official capacities, unless the state has unequivocally consented to suit or Congress has expressly abrogated the state's Eleventh Amendment Immunity.  *See Will v. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

Moreover, judges are absolutely immune from civil liability for damages for their judicial acts. *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967) (applying judicial immunity to § 1983 action).  A judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

Furthermore, qualified immunity shields state officials from liability for damages insofar as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

2727 (1982). To determine whether an individual is entitled to qualified immunity, the first inquiry is whether the official violated the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second question is whether the law governing that right is clearly established. *Id*. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

The Supreme Court has "recognized qualified immunity for government officials where it was necessary to preserve their ability to serve the public good or to ensure that talented candidates were not deterred by the threat of damage suits from entering public service." *Wyatt v. Cole*, 504 U.S. 158, 167, 112 S. Ct. 1827, 1833 (1992). The Court also recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Butz v. Economou*, 438 U.S. 478, 506, 98 S. Ct. 2894 (1978).

In this case, the Eleventh Amendment deprives this Court of subject matter jurisdiction because OJD did not consent to suit, and plaintiff has provided no Congressional statute abrogating the State's immunity from this suit. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (suing an individual in his official capacity is treated the same as suing the entity itself). Additionally, Judges Emerson, Kamins, Liniger, Mooney, Steele, and Wise, to the extent they are sued in their individual capacities, are entitled to judicial immunity because plaintiff has not alleged facts that show that the judges acted in clear absence of jurisdiction when the rulings (and award of fees) that plaintiff takes issue with were issued.

All the allegations against the judges appear to be for acts (orders and decisions) that occurred within the course and scope of their position as trial or appellate court judges. In sum, the court lacks subject matter jurisdiction over the claims against the state defendants, which means the defendants should be dismissed.

Page 6 -    DEFENDANTS' MOTION TO DISMISS
            NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### III. Plaintiff fails to allege facts that state a claim for relief against the state defendants.

Plaintiff named the state defendants without alleging facts that can support a basis for relief against them.

In *Twombly*, a group of consumers brought a class action against local exchange carriers alleging antitrust conspiracy in violation of § 1 of the Sherman Act. 550 U.S. at 544. The complaint in that case alleged that the defendants conspired to restrain trade by engaging in parallel conduct to inhibit the growth of upstart companies, allegedly supported by a statement by one of the defendants that competing in the territory of another defendant did not seem right. *Id.* The Supreme Court held that the allegation of parallel conduct and a bare assertion of conspiracy were not enough to state a claim for relief. *Id.*

Here, the allegations against the state defendants do not contain even the degree of detail found insufficient in *Twombly*. The Complaint states no plausible theory of liability against OJD or any of the judges, and there are not specific facts to describe what the defendants allegedly did to violate plaintiff's constitutional or statutory rights.

For instance, plaintiff alleges that Oregon Courts are comprised of Democrats who support the decriminalization/distribution of child pornography; that Judge Emerson permitted the execution of a writ of sale on stock allegedly owned by plaintiff; that Judge Lininger adopted a draft order prepared by the "PLF" and issued an award of attorney fees; that Judge Wise granted anti-SLAPP and award of unauthorized fees; and that the Oregon Court of Appeals "affirmed without opinion" Judge Lininger's order awarding fees. These allegations are conclusory and do not meet the degree of detail required to state a claim for conspiracy under *Twombly*. There are no facts to show how the state defendants conspired to deprive plaintiff of any constitutional right. Put simply, the complaint does not contact facts showing that the judges acted in absence of jurisdiction in presiding over plaintiff's underlying cases.

Moreover, when a plaintiff alleges that he or she suffered an unauthorized deprivation of procedural due process, and there is an adequate state remedy, the plaintiff has no cause of action under § 1983. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) *(quoting Corcoran v. Olson,* 102 F.

Page 7 -   DEFENDANTS' MOTION TO DISMISS
NA3/km7/527368100

App'x 522, 523 (9th Cir. 2004). Similarly, the fact that an available state remedy is less than what a plaintiff might receive in a § 1983 action is not determinative of the adequacy of the state remedy. *Hudson*, 486 U.S. at 535.

Here, there are no facts to support the assertion that the procedures afforded to plaintiff in his underlying cases were unconstitutional or in violation of state or federal law. Plaintiff fails to state a claim for relief because he offers only a formulaic recitation of conclusory facts—which do not meet the threshold required to abrogate judicial immunity. Therefore, the state defendants should be dismissed from the complaint.

### IV. Plaintiff did not plead facts to show that the state defendants have a legally cognizable interest in the outcome of this case.

Article III of the federal constitution "restricts federal courts to the resolution of cases and controversies," *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008), and requires that "a justiciable case or controversy ... remain extant at all stages of review, not merely at the time the complaint is filed." *U. S. v. Juvenile Male*, 564 U.S. 932, 936 (2011). Thus, a case is moot when the legal issues presented are no longer "live" or when the parties lack a legally cognizable interest in the outcome. *See Cropp v. Williams*, 841 A.2d 328, 330 (D.C. 2004).

Here, the absence of factual allegations to sustain the claims means there is no nexus between the relief sought and the alleged wrongdoing by the state defendants. Having failed to establish such a nexus, plaintiff cannot show that OJD, or any of the judges, have a legally cognizable interest in the outcome of this case. Therefore, defendants should be dismissed.

### V. Plaintiff's equal protection claim should be dismissed.

The Equal Protection Clause requires the State to treat all "similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). A plaintiff can establish an equal protection claim in two ways: (1) by showing that a defendant has discriminated against her on the basis of her membership in a protected class, *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); or (2) by showing that a defendant has intentionally

Page 8 -   DEFENDANTS' MOTION TO DISMISS
NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

treated her differently from similarly situated individuals without a legitimate state purpose for doing so, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Under the first theory, a plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a protected class, such as race. *Thorton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, plaintiff does not allege, and the facts do not show that he is suing as a member of a protected class.  Litigants at the receiving end of an unfavorable judicial ruling or verdict are not by definition members of a constitutionally protected class. And plaintiff provided no legal authority to support such an assertion.

Under the second theory of equal protection, a plaintiff must allege that: (1) he is a member of an identifiable class; (2) she was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

Here, the alleged facts do not support an equal protection claim. Rather, the allegations support the assertion that plaintiff was treated as a similarly situated litigant in a legal dispute with a former business partner. Therefore, the equal protection claim fails.

## VI. To the extent plaintiff makes state law claims, the claims should be dismissed for failure to provide notice of claim.

Under the Oregon Tort Claims Act ("OTCA"), a plaintiff cannot maintain an action against a public body or a public officer, employee or agent unless sufficient "notice of claim" is provided to the State "within 180 days after the alleged loss or injury." *Cannon v. Oregon Dep't of Justice*, 261 Or. App. 680, 682 (2014); Or. Rev. Stat. § 30.275(2)(b). A plaintiff bears the burden of proving that he provided adequate notice. Or. Rev. Stat. 30.275(7); *Brinkley v. Oregon Health Scis. Univ.*, 94 Or. App. 531, 537 (1988). Or. Rev. Stat. § 30.275(5)(a) specifies the required content of the notice and provides that formal notice must be given to the Oregon

Page 9 -    DEFENDANTS' MOTION TO DISMISS
NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Department of Administrative Services ("DAS"). The pleading and proof of notice sufficient to satisfy the requirements of Or. Rev. Stat. 30.275 is a mandatory requirement and a condition precedent to recovery under the OTCA. *Beaver v. Pelett*, 299 Or. 664, 671 (1985). Failure to give timely notice of a tort claim is fatal to a claim. *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012).

Here, to the extent plaintiff makes state law claims, he did not allege, nor did he provide proof of compliance with the notice requirement before filing suit. Thus, the state law claims should be dismissed.

## VII.     Declaratory and injunctive relief are not available.

Plaintiff seeks declaratory and injunctive relief for the defendants conspiring to deprive plaintiff of his First and Fourteenth Amendment rights.  Yet, plaintiff provides no legal or factual basis for this Court to grant such relief.

Under the Tenth Amendment,[1] the federal government cannot compel the States to enact or enforce a federal regulatory program. *New York v. United States*, 505 U.S. 144, 188 (1992). Nor can the government circumvent that prohibition by conscripting the State's officers directly. *Printz v. United States*, 521 U.S. 898, 935 (1997). In *Printz*, a county sheriff sought to enjoin enforcement of a provision in the federal Brady Act that commanded local law enforcement officers to conduct background checks. *Id.* 898. The Court held that the federal government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program. *Id.* at 935.

The Declaratory Judgment Act of 1934, now 28 U.S.C. s 2201, 28 U.S.C.A. s 2201, "creation of remedy", provides that in a case of actual controversy, a competent court may declare the rights and other legal relations of a party whether or not further relief is or could be

---

[1] "The powers not delegated to the United States by the Constitution, nor prohibited by it to theStates, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

Page 10 -   DEFENDANTS' MOTION TO DISMISS
NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

sought. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952). This is an enabling Act that confers a discretion on the courts rather than an absolute right upon the litigant. *Id.*

Moreover, the basis for injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). *Id.* at 1200. Additionally, injunctive relief is designed to deter future misdeeds, not to punish for past conduct. *Loya v. Immigr. & Naturalization Serv.*, 583 F.2d 1110, 1114 (9th Cir. 1978). Other courts have approved injunctive relief against law enforcement officials when there is a serious threat of future misconduct. *See, e. g.*, *Allee v. Medrano*, 416 U.S. 802, 815 (1974); *Hague v. Committee for Industrial Organization*, 307 U.S. 496, 517 (1939); *Lankford v. Gelston*, 364 F.2d 197, 206 (4th Cir. 1966).

Based on the facts allege in the complaint there is no legal basis to support declaratory or injunctive relief of any kind. Plaintiff is not likely to succeed on the merits—see arguments above. And public policy favors the need to protect judicial officers who are afforded a degree of discretion in the exercise of judicial authority. In sum, declaratory and injunctive relief are not available, which means these claims should also be dismissed.

Page 11 -   DEFENDANTS' MOTION TO DISMISS
          NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## **CONCLUSION**

Based on the aforementioned reasons, the state defendants should be dismissed from this suit. The Court should grant the Motion to Dismiss and dismiss all state defendants with prejudice.

DATED this __17__ day of August, 2022.

                                          *s/ Nathaniel Aggrey*
                                      NATHANIEL AGGREY #172283
                                      Assistant Attorney General
                                      Trial Attorney
                                      Tel (503) 947-4700
                                      Fax (503) 947-4791
                                      Nathaniel.Aggrey@doj.state.or.us
                                      Of Attorneys for Defendants Oregon Judicial
                                      Department, Emerson, Kamins, Liniger, Mooney,
                                      Steele, and Wise

Page 12 -  DEFENDANTS' MOTION TO DISMISS
NA3/km7/527368100

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on August  17 , 2022, I served the foregoing DEFENDANTS' MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Timothy C. Rote | ___ HAND DELIVERY |
| 7427 SW Coho Ct. #200 |  X  MAIL DELIVERY |
| Tualatin, OR 97062 | ___ OVERNIGHT MAIL |
|     Plaintiff Pro Se | ___ TELECOPY (FAX) |
| |  X  E-MAIL timothy.rote@gmail.com |
| | ___ E-SERVE |

    *s/ Nathaniel Aggrey*
NATHANIEL AGGREY #172283
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Nathaniel.Aggrey@doj.state.or.us
Of Attorneys for Defendants Oregon Judicial Department, Emerson, Kamins, Liniger, Mooney, Steele, and Wise

Page 1 -   CERTIFICATE OF SERVICE
    NA3/km7/522550677

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791