Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone:  (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE,<br><br>    Plaintiff,<br><br>    vs.<br><br>OREGON JUDICIAL DEPARTMENT,<br>OREGON STATE BAR PROFESSIONAL<br>LIABILITY FUND, THE HON. ANN<br>LININGER,THE HON. ALISON<br>EMERSON, THE HON. JOSEPHINE<br>MOONEY, THE HON. JACQUELINE<br>KAMINS, THE HON. KATHIE STEELE,<br>CAROL BERNICK AND MEGAN<br>LIVERMORE (in their official capacities as<br>CEO of the OSBPLF), MICHAEL WISE,<br>JEFFREY EDELSON, DESCHUTES<br>COUNTY SHERIFF'S DEPARTMENT,<br>MATTHEW YIUM, NATHAN STEELE,<br>WARD GREENE, ANTHONY<br>ALBERTAZZI and JOHN DOES (1-5), *et al.,*<br><br>    Defendants. | Case No.: 3:22-CV-00985<br><br><br><br>PLAINTIFF RESPONSE IN OPPOSITION TO<br>WARD GREENE MOTION FOR SUMMARY<br>JUDGMENT |

*///*

*///*

///

PAGE 1.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
              SUMMARY JUDGMENT

## RESPONSE

Plaintiff files herein his Response in Opposition to Defendant Ward Greene's Motion for Summary Judgment. The facts represented by Greene are not as simple or straight forward as defendant purports them to be.

## RELEVANT FACTS

Williams Kastner Greene and Markley and shareholder Ward Greene represented Max Zweizig in a fraudulent transfer lawsuit against Timothy Rote and his wide Tanya Rote, Clackamas case 19cv01547. That action was filed on January 9, 2019. The Rote's counterclaimed against Zweizig and Third Parties Williams Kastner, Taryn Basauri and Joel Christiansen. Zweizig, defendant Greene representing Zweizig, filed an anti-SLAPP Motion to Strike the Rote's counterclaims. James Callahan, hired by the Oregon State Bar Professional Liability Fund ("PLF") to represent Kastner, also filed an anti-SLAPP Motion to Strike and Motion to Dismiss. Hart Wagner, hired by the PLF to represent Joel Christiansen, also filed an anti-SLAPP Motion to Strike.

The Trial Court in 19cv01547 granted the respective anti-SLAPP Motions to Strike. Plaintiff and Third Party Defendants in that case (including Zweizig (defended by Greene)), Kastner (defended by Callahan) and Christiansen (defended by Hart Wagner)) then filed their respective attorney fee petitions. Greene filed a fee petition through an amended declaration on May 27, 2020, his first declaration incorrectly not attaching the fee petition billing detail (Plaintiff **Exhibit 1**). The Rote's took issue with the fee petitions on multiple grounds, all of which were ignored by the Court. A hearing on the fee petitions was completed on July 13, 2020. The Court issued its order granting the fee petitions on July 15, 2020. The two orders (Clackamas 19cv01547 case doc #194 and #195) most relevant to this case are provided herein

as Plaintiff's **Exhibits 2 and 3**. **Exhibit 2** is the order granting Zweizig's fee petition prepared by Ward Greene. **Exhibit 3** is the order granting William Kastner's fee petition prepared by James Callahan.

Shortly thereafter and in July 2020, Ward Greene and Williams Kastner resigned from representing Zweizig. According to Zweizig, Greene resigned no longer wanting to be associated with Zweizig and the raping of children. See Plaintiff **Exhibit 4**. Defendant Anthony Albertazzi joined as Counsel on August 13, 2020. Notice was provided of the change and Ward Greene executed that Notice. See Plaintiff **Exhibit 5**.

Albertazzi then took over where Ward Greene left off. Albertazzi secured a judgment on the anti-SLAPP fee award. See Plaintiff **Exhibit 6**.

The Rote's appealed the grant of the anti-SLAPP Motions to Strike (A173748) and once the Zweizig judgment was executed also appealed the award of attorney fees (A174364). Prior to the Oregon Court of Appeals issuing its ruling on the anti-SLAPP fee awards, the Rote's entered into an agreement with Williams Kastner (doc #12-2) and Taryn Basauri (doc #12-2) and Christiansen. Those agreements were executed in June 2021.

As a part of the process of the settlement agreement, Williams Kastner represented that they had abandoned the attorney fee award to Zweizig, those fees incurred representing Zweizig in case 19cv01547 (Ptf **Exhibit 2**) and could not therefore release that fee petition. Kastner released only the fee petition secured by James Callahan for Kastner (Ptf **Exhibit 3**).

On information and belief the PLF hired Helen Tompkins to represent Zweizig and he prosecuted that appeal of the anti-SLAPP attorney fee award (**Ptf Exhibit 2**). See email correspondence to and from the PLF and Tompkins, **Ptf Exhibit 7**. The Oregon Court of Appeals affirmed without opinion the grant of the anti-SLAPP Motions to Strike. Zweizig did

PAGE 3.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
              SUMMARY JUDGMENT

not make an appearance, although the PLF did hire counsel to represent him, attorney Barhoum. See **Ptf Exhibit 8**.

Zweizig successfully prosecuted the appeal of the anti-SLAPP Motion to Strike fee award of $20,970. The Rote's had bonded the $20,970 fee award in case 19cv01547 during the pendency of the appeal. The Oregon Court of Appeals affirmed without opinion the Zweizig award. See Ptf. **Exhibit 9**. The appeal of the attorney fee award was hard fought, Helen Tompkins representing Zweizig. The Rote's argued that the fee petition evidence submitted by Greene showed that 37 entries out of 63 billing entries were blatantly unrelated and not reasonably connected to the anti-SLAPP proceeding. See Ptf **Exhibit 10, filed in June 30, 2021**.

During this same period of time, Zweizig continued to pursue his fraudulent transfer action in case 19cv01547. In March 2021, Clackamas County Court granted the Rote's Motion for Summary judgment against Zweizig's claims. See Ptf **Exhibit 11**. It is undisputed that Court found that after two years of discovery there was no objective evidence offered by Zweizig to prosecute that fraudulent transfer claim. Zweizig appealed that judgment and order. The Oregon Court of Appeals upheld the Summary Judgment against Zweizig's claims. Zweizig, through Tompkins, petitioned for reconsideration. The Rote's responded, included herein as Ptf **Exhibit 12**. The OCA denied the Petition, Ptf **Exhibit 13**.

After Zweizig prevailed on the anti-SLAPP fee, and through Albertazzi, he moved to collect on the bond. He represented in that Motion for Distribution of Money that there were no liens against the bond and no money was due Kastner. See Ptf **Exhibit 16**. Plaintiff however had contacted Kastner to determine if Kastner had no interest or expectation in the attorney fee award, whether that was true. Kastner confirmed interest in distribution of money from the bond. Plaintiff has received no other correspondence refuting that Kastner retained an interest in the

$20,970 fee awarded. See Ptf **Exhibit 14**. Clackamas did not grant Zweizig's Motion for disbursement of funds because exhibit 3 to that Motion attached an appellate judgment from a different case, which the Rote's pointed out to the Court. Rote has in that 19cv01547 case filed a Motion for contempt for the knowingly false declaration filed by both Zweizig and Albertazzi in support of that Motion.

On information and belief Kastner has entered into an agreement with Zweizig and Albertazzi to share the proceeds of the bond. Plaintiff asked Greene or Callahan (who had represented Kastner and Greene in A174364 and A173748) to represent by declaration that Kastner did not retain an interest in $20,970 fee award to Zweizig. See Ptf **Exhibit 15**. Greene and Callahan have refused to represent that Kastner did not retain an interest in $20,970. Instead they filed a Motion for Summary Judgment.

## ARGUMENT

### A.    The Evidence of Breach

At the time of the settlement agreement, the Rote's relied on Kastner's representation that they did not retain an interest in the attorney fee award of $20,970. Although Kastner resigned from representing Zweizig in July 2020, S. Ward Greene remained an attorney of record on Appeal A174364 through its conclusion and Plaintiff does not believe that is an oversight. Appeal 174364 is the Rote's appeal of the award of attorney fees of $20,970. See Plaintiff Exhibit 18, notice from the Oregon Court of Appeals showing Ward Greene as an interested party.

Plaintiff fully intended to release Ward Greene from this lawsuit, upon a credible representation by Greene that Kastner abandoned the fee award on or before the settlement agreement and did not otherwise find a way to retain an interest in the $20,970 fee award (Ptf

Exhibit 2). If the fee award was abandoned then Kastner could not exercise control over those fees and the fees could not then have been satisfied under the settlement agreement. Callahan, who represented Kastner in case 19cv01547, also could have credibly represented and without consequence to any other party that Kastner did not retain an interest in that award. See Ptf. **Exhibit 15**.

The attorney fee award for Williams Kastner (Ptf **Exhibit 3**), which is referenced by defendant in his MSJ, are fees incurred by the PLF to defend Kastner and Basauri in case 19cv01547. The PLF hired James Callahan to represent Kastner. These are not the attorney fees of $20,970, awarded to Zweizig and in which plaintiff believes Kastner clandestinely retained an interest.

To be abundantly clear, Greene filed the fee petition and secured for Zweizig the order granting the $20,970 in attorney fee award of July 16, 2020. Albertazzi joined Zweizig's representation on August 13, 2020 and secured the judgment on January 28, 2021. Greene need not be a defendant in this lawsuit; however, if Kastner breached the settlement agreement between Kastner and the Rote's then Greene (who was a shareholder at the time and who exercised authority over that settlement agreement) should remain a defendant in this case.

Plaintiff offers Exhibits 7, 14, 15 and 18 that show evidence that Kastner and Greene retained an interest in the $20,970 fee award. Exhibit 7 shows email correspondence from the PLF and Tompkins confirm that the PLF was underwriting Zweizig's response and opposition to the Rote's appeal A174363 of the attorney fee award, even after the settlement agreement. Zweizig had in his deposition confirmed that the PLF represented him free of charge. Exhibit 14 is one of several emails Plaintiff sent confirming Kastner's interest in the fee award after the settlement agreement was signed. The email is dated March 2022. Exhibit 18 is a Notice from

PAGE 6.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
              SUMMARY JUDGMENT

the OCA that shows Greene as an interested part in A174364, the notice dated December 3, 2021, some six months after the settlement agreement was signed. Exhibit 15 is Plaintiff's email to Jim Callahan requesting confirmation that Kastner abandoned the fee award. That email remained unanswered.

### B. The Damage of Prosecuting the Fraudulent Fee Petition

A very brief recitation of the history of case 19cv01547 helps frame the issues raised in this case.

Plaintiff alleges that the fee petition by Greene (Ptf. **Exhibit 2**) was blatantly fraudulent in attempting to associate and recover unlawfully (1) the time for the Rote's early successes on Motions for Summary Judgment and (2) for his general collection activity. In the Rote's Opening Brief, the Rote's cite some 37 block-billed entries that had nothing to do with the anti-SLAPP. See Ptf. **Exhibit 10**. In determining a reasonable attorney fee award under ORS 31.152(3), the trial court must consider factors enumerated in ORS 20.075. The ORS 20.075 (2) (a) factor is "The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." Plaintiff presumes it is generally understood by experienced attorneys that there is no legal right to attorney fees in an anti-SLAPP Motion to Strike proceeding for fees associated with a host of activities unrelated to the anti-SLAPP proceedings. Plaintiff presumes that the abuse of Greene's fee petition is a form of recognition of an opportunity to exploit the Rote's *pro se* status. The settlement agreement appears to be a cleverly constructed effort to have one's cake and eat it too, but by misrepresenting a retained interest in the fee award of $20,970.

PAGE 7.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
          SUMMARY JUDGMENT

Plaintiff notes for the record that he and his wife incurred more than $75,000 in attorney fees to defeat Zweizig in case CC case 19cv01547 and on Appeal. Greene's fee petition is based on an eight page anti-SLAPP Motion to Strike, three pages of which was original text (not copied from other anti-SLAPPs) as well as time to attend a few hearings. In addition most of the ORS 20.075 findings in that July 16, 2020 order were effectively refuted by the Court granting the Rote's Motion for Summary Judgment in that case in March of 2021. For example, Judge Lininger adopted Ward Greene proposed order which included a statement that "the Rote's have acted willfully, maliciously and in bad faith to harass and intimidate Zweizig because Zweizig is trying to collect on a judgment against the Rote's, to force him to incur large attorney fees, and to delay resolution of his claim that the Rote's fraudulently concealed assets to avoid paying on the judgment." See Ptf. **Exhibit 2**, p2, line 15-20. Judge Lininger's position that the Rote's defense was intended to harass Zweizig was subsequently found to be false, as the Rote's successful Motions for Summary Judgment bear out. Greene knew it was false when he drafted the proposed order and filed his excessive fee petition. Nonetheless, because Kastner resigned from representing Zweizig, as Zweizig's deposition claims, Plaintiff would like Greene to simply deny that Kastner retained an interest in the $20,970 fee award. It's that simple.

In spite of the objectively provable excessive and unrelated billing associated with the attorney fee petition by Greene, as reflected in Exhibit 1 and as exposed in Exhibit 10, the Oregon Court of Appeals affirmed the award and claimed that the Rote's were objectively unreasonable in challenging the fee award, unreasonable in challenging the 37 entries that made reference to everything but the anti-SLAPP. See Plaintiff Exhibit 19, where Greene is also copied. This statement from Judges Kamins and Moody shows that the anti-SLAPP fee petition process is used by the Court to target and punish disfavored citizens of this state.

PAGE 8.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
              SUMMARY JUDGMENT

Plaintiff alleges in this case that Greene aided and abetted in Civil Rights violations. The settlement with Kastner settled claims against Kastner for interference with contract and slander of title, Greene having filed a *lis pendens* against a Sunriver property owned by non-debtor Tanya Rote. That *lis pendens* interfered with the sale of that property a few days before closing. The agreement (12-2) settled claims and attorney fees on those claims arising from the anti-SLAPP and future litigation against Kastner for abuse of civil process—a lawsuit recently filed against Zweizig. Plaintiff believes the settlement agreement may be sufficient to keep Kastner out of that lawsuit, but not out of this case. Plaintiff believes Greene advised Zweizig in July 2020 to not continue to pursue the fraudulent transfer case. Zweizig and Albertazzi did continue to pursue those claims without a shred of evidence in spite of Greene's advice to Zweizig.

Greene was not individually sued in case 19cv01547. Kastner was; so retaining a right to the fees is either a breach of that settlement agreement, this complaint is beyond that agreement's reach or sections of the agreement are void. Plaintiff explores that below/

**C.    The Settlement Agreement**

Section 3 of the settlement agreement provides that "The Parties, by signing this Agreement, acknowledge abandonment of all the Released Claims, including, but not limited to, the Released Claims alleged in the Lawsuit referenced above and the awards of costs and attorney fees related to the Lawsuit referenced above."(Doc 12-2, page 3). And further "The Parties assume the risk of any mistake of fact and of any facts proven to be other than or different from the facts now known to the Parties or believed by the Parties to exist, *Id.*, page 4). Plaintiff asserts that this language was intended to represent that Kastner abandoned its right to the $20,970 in attorney fees and is not responsible for Zweizig's continued pursue of the fee award on appeal.

PAGE 9.   PLAINTIFF RESPONSE  TO GREENE MOTION FOR
               SUMMARY JUDGMENT

Section 5 of the settlement agreement provides that "by executing this Agreement, the Parties consent to the execution and filing of the dismissal documents attached as Exhibit A, or a substantially similar form agreeable to all the Parties, that is intended to result in the dismissal of all claims including the appeals that are pending in the Oregon Appellate Courts (A173748 and A174364)", at page 4. The only satisfaction that was filed was for the attorney fees awarded to Kastner and Basauri in case 19cv01547 (noted in Ptf **Exhibit 3**), the satisfactions and motions provided herein as Plaintiff **Exhibit 17**. Again those are not the attorney fees secured for Zweizig in case 19cv01547.

Section 9 of the settlement agreement provides that "the provisions of this Agreement are severable, and if any part of it is found to be unenforceable the other provisions shall remain fully valid and enforceable to the greatest extent allowed by applicable law, so as to give effect to the intentions of the Parties to the greatest extent possible." A reasonable interpretation of Section 9 is that release of claims, abandonment of claims and covenant not to sue sections may not be enforced in this action in the absence of Kastner providing evidence that they did in fact abandon a right to the $20,970 fee award.

It further appears that Defendant Greene is attempting to claim that Plaintiff is barred from relief by acceptance of performance that was carried out under the settlement agreement. Plaintiff relied on the representation of Kastner that the attorney fees of $20,970 had been abandoned by Kastner when terminating Zweizig in July 2020. Therefore there was no mention of these fees in the settlement agreement. Modification, waiver and estoppel are affirmative defenses and must be pleaded as such, which defendant has not done yet. See *Miller Construction Co. v. Watts Construction Co*., 223 Or. 504, 516, 355 P.2d 215 (1960. If Kastner then intended to modify, then the modification of the agreement must be supported by

consideration, *Marnon v. Vaughan Motor Co., Inc*., 184 Or. 103, 157, 194 P.2d 992 (1948), and *Miller Construction Co. v. Watts Construction Co*., supra (223 Or. at p. 516, 355 P.2d 215); waiver requires a showing of intent to relinquish a known right, *Foster v. Agri-Chem, Inc.,* 235 Or. 570, 576-577, 385 P.2d 184 (1963), and *First National Bank of Portland v. Stretcher et al.*, 169 Or. 532, 538, 129 P.2d 830 (1942), and estoppel requires proof of reliance by change of position, *First National Bank of Portland v. Stretcher et al*., supra (at p. 538, 129 P.2d 830), and *State v. Claypool*, 145 Or. 615, 620, 28 P.2d 882 (1934). No proof of these requirements was offered by defendant Greene in this case.

Plaintiff offered to remove Greene from this action upon his showing by declaration that the attorney fee award of $20,970 was abandoned. Plaintiff is entitled to a finding that the fee was not abandoned and the representations by Kastner during the settlement agreement were false to that extent. Plaintiff has not for example added Kastner to this lawsuit, the third and fourth party claims against Kastner and Basauri having been settled as outlined in the settlement agreement. Plaintiff may also be entitled to a finding that Greene caused Callahan to make those misrepresentations to Rote counsel at the time of the settlement as to the abandonment of the $20,970 fee award and therefore Greene is not foreclosed from being a defendant in this action, even though may have been an employee of Kastner at the time of the settlement agreement.

## CONCLUSION

For the reasons outlined above, Plaintiff moves the Court to deny Greene's Motion for Summary Judgment until such time as sufficient evidence has been provided in this action showing Kastner abandoned and did not retain any interest in the attorney fee award of $20,970, a fee award secured by Greene as reflected in Plaintiff **Exhibit 2** to this Response. Greene and Callahan could have easily provided such a declaration as requested by Plaintiff. They did not.

Plaintiff is entitled to an inference that Kastner did not abandon the $20,970 fee petition and did not otherwise modify or amend the settlement agreement to protect Kastner or its employees for that fee petition, nor did Plaintiff waive such a right or a right to additional consideration. Under these facts, the provisions under the agreement are void as to Greene's participation in securing an unlawful fee petition and should remain a defendant who aided and abetted the procedural and substantive civil rights violations Plaintiff alleged in his complaint.

Dated: August 23, 2022

s/ *Timothy C. Rote*
Timothy C. Rote
Plaintiff *Pro se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2022, I filed the foregoing with the Clerk of the Court. Defendants have been served electronically through the Court's ecf system and have also been provided a courtesy copy by email.

James M. Callahan, OSB #780232
j callahan@callahanandshears.com
Callahan & Shears, PC
PO Box 22677
Portland, OR 97269-2677
Telephone: 503-513-5130
   Attorney for Defendant Ward Greene

s/ Timothy C. Rote
Timothy C. Rote
*Pro Se Plaintiff*

PAGE 1.    CERTIFICATE OF SERVICE