Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone: (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, THE HON. ANN LININGER, THE HON. ALISON EMERSON, THE HON. JOSEPHINE MOONEY, THE HON. JACQUELINE KAMINS, THE HON. KATHIE STEELE, CAROL BERNICK AND MEGAN LIVERMORE (in their official capacities as CEO of the OSBPLF), MICHAEL WISE, JEFFREY EDELSON, DESCHUTES COUNTY SHERIFF'S DEPARTMENT, MATTHEW YIUM, NATHAN STEELE, WARD GREENE, ANTHONY ALBERTAZZI and JOHN DOES (1-5), *et al.*,<br><br>    Defendants. | Case No.: 3:22-CV-00985<br><br>PLAINTIFF DECLARATION IN SUPPORT |

///

///

PAGE 1.   PLAINTIFF DECLARATION

I, TIMOTHY ROTE, do hereby declare:

1. I represent myself in the above-captioned case. I make this declaration on personal knowledge and am competent to testify to the matters stated herein.

2. Attached hereto as Exhibit 1 is a true and correct copy of Ward Greene's Declaration and Attorney Fee Petition for Max Zweizig in case 19cv01547, dated May 27, 2020. The fee petition arose from a successful anti-SLAPP Motion to Strike.

3. Attached hereto as Exhibit 2 is a true and correct copy of an order awarding Zweizig the attorney fees requested, dated July 16, 2020, and in the amount of $20,970. These fees were not vacated in the settlement agreement from case 19cv01547 filed by defendant Greene (Doc #12-2), because Kastner had represented that they had abandoned the fee award when terminating their relationship with Max Zweizig. Kastner and Greene represented Zweizig from January 9, 2019 through July 2020.

4. Attached hereto as Exhibit 3 is a true and correct copy of an order awarding Kastner attorney fees as requested, dated July 16, 2020. These fees were vacated in the settlement agreement from case 19cv01547 and as filed by Defendant Greene (Doc #12-2).

5. Attached hereto as Exhibit 4 is a true and correct copy of an excerpt of Max Zweizig's deposition in case 19cv01547, wherein he admits that Greene and Kastner resigned representing him no longer wanting to be associated with the Zweizig and the raping of children.

6. Attached hereto as Exhibit 5 is a true and correct copy of Notice of Change of Counsel dated August 2020, signed by Ward Greene and Anthony Albertazzi.

PAGE 2.   PLAINTIFF DECLARATION

7. Attached hereto as Exhibit 6 is a true and correct copy of the attorney fee Judgment dated January 28, 2021, secured by Albertazzi but based entirely on the order secured by Ward Greene of July 16, 2020.

8. Attached hereto as Exhibit 7 is a true and correct copy of email correspondence from me to PLF General Counsel and Helen Tompkins, which I believe confirms that the PLF provide free counsel to Zweizig in cases 19cv01547 and 19cv14552 and on appeal in those cases. The PLF has not denied that.

9. Attached hereto as Exhibit 8 is a true and correct copy of judgment issued by the Oregon Court of Appeals in A173748, affirming the anti-SLAPP judgments, dated July 12, 2021. The judgment shows that a settlement agreement has been reached with the third part defendants but not Zweizig (who did not make an appearance).

10. Attached hereto as Exhibit 9 is a true and correct copy of the Oregon Court of Appeals Affirmed Without Opinion Order, dated February 12, 2022, of the Zweizig fee petition (Exhibit 2), which Zweizig prosecuted through Helen Tomkins.

11. Attached hereto as Exhibit 10 is a true and correct copy of the Rote's Opening Brief in appeal 174364, outlining the entries in Greene's fee petition that were not reasonably connected to the anti-SLAPP. The Brief was filed on June 30, 2021. In so far as Kastner retained a right to that fee petition, this appeal and judgment should have been vacated. The settlement agreement was signed on June 23, 2021.

12. Attached hereto as Exhibit 11 is a true and correct copy of Clackamas County Court order granting the Rote's Motion for Summary Judgment in case 19cv01547. The order is dated March 24, 2021.

PAGE 3.   PLAINTIFF DECLARATION

13. Attached hereto as Exhibit 12 is a true and correct copy of the Rote's Response in Opposition to Zweizig's Petition for Reconsideration in appeal case 175781. Zweizig had appealed the dismissal of his fraudulent transfer case 19cv01547. Tompkins represented him in that case and in information and belief was hired by the PLF to represent Zweizig. The Oregon Court of Appeals Affirmed dismissal of Zweizig's case.

14. Attached hereto as Exhibit 13 is a true and correct copy of the Oregon Court of Appeals denial of Zweizig Petition for reconsideration. Counsel for the Rote's interpreted the order as a denial of right to petition for fees under a theory that the Petition was objectively unreasonable.

15. Attached hereto as Exhibit 14 is a true and correct copy of an email I sent to Williams Kastner inquiring as to whether Kastner had retained a right to the award of these attorney fees from Ward Greene's petition of May 27, 2020 (Exhibit 2). I sent 4 emails of this nature to Kastner and did not hear back on this issue. More specifically, I did not receive a denial that Kastner retained a right by agreement with Zweizig or Albertazzi for these fees of $20,970.

16. Attached hereto as Exhibit 15 is a true and correct copy of an email I sent to counsel James Callahan noting that I would be happy to remove Ward Greene from this action if they would provide a declaration statement that Kastner had abandoned the attorney fee award of $20,970 and otherwise retained no right to receive it. Greene and Callahan were not willing to provide that declaration.

17. Attached hereto as Exhibit 16 is a true and correct copy of Zweizig's Motion for order to distribute the proceeds held in a supersedeas bond on the anti-SLAPP award of attorney fees of $20,970 in case 19cv01547 and appeals A173748 andA174364. The bond is for the

PAGE 4.   PLAINTIFF DECLARATION

attorney fee request and award of Exhibit 2. As outlined in my response, this fee was not vacated in the settlement agreement. This fee was not a part of the settlement agreement because Kastner represented that they had abandoned the fee award and that Zweizig now controlled it. During a hearing on Zweizig's Motion, the Court refused to allow Zweizig the bond because exhibit 3 of that Motion attacked an appellate judgment from a different case, a case in which Albertazzi did not represent Zweizig. A Motion for contempt against Zweizig and Albertazzi has been filed and is pending.

18. Attached hereto as Exhibit 17 is a true and correct copy of Motions for Satisfactions and Appellate satisfactions filed and associated with the settlement agreement filed by defendant Greene (doc #12-2). None of those were for the attorney fees awarded on Exhibit 2 or judgment of Exhibit 6.

19. Attached hereto as Exhibit 18 is a true and correct copy of a Notice from the Oregon Court of Appeals that the issue has been submitted on the briefs. The date of that Notice is December 3, 2021. Ward Greene is shown as copied in the case, presumably as an interested party in the fee award Appeal since Tompkins is listed as counsel.

20. Attached hereto as Exhibit 19 is a true and correct copy of an order and opinion in A174364 dated May 19, 2022 showing Ward Greene in the cc section of that published opinion. In spite of showing that 37 entries of Exhibit 1 were unrelated to the anti-SLAPP, as outlined in the Rotes Opening Brief (Exhibit 10), the Oregon Court of Appeals Judges Kamins and Mooney went on the record that the Rote's appeal was objectively unreasonable. Plaintiff presumes that this kind of abusive opinion has and will be used to target disfavored citizens. Quite frankly the opinion is not acceptable in a Constitutional Republic. ORS 31.152 and IRS 20.075 (2) specifically mandate the fees awarded be associated with the anti-

PAGE 5.   PLAINTIFF DECLARATION

SLAPP. More than $14,000 of the $21,970 in attorney fees are not associated with the anti-SLAPP and/or excessive. The credibility of Plaintiff's issue with the award is objectively provable. Greene made no attempt to mask the fees unrelated to the anti-SLAPP, other than perhaps to add multiple entries together in a block billed format.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated: August 23, 2022

                                            s/ *Timothy C. Rote*
                                            Timothy C. Rote
                                            Plaintiff *Pro Se*

PAGE 6.   PLAINTIFF DECLARATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2022, I filed the foregoing with the Clerk of the Court. Defendants have been served electronically through the Court's ecf system and have also been provided a courtesy copy by email.

James M. Callahan, OSB #780232
j callahan@callahanandshears.com
Callahan & Shears, PC
PO Box 22677
Portland, OR 97269-2677
Telephone: 503-513-5130
   Attorney for Defendant Ward Greene

s/ Timothy C. Rote
Timothy C. Rote
Plaintiff *Pro se*
