Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone: (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE, | Case No.: 3:22-CV-00985 |
| Plaintiff, | |
| vs. | |
| OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, THE HON. ANN LININGER, THE HON. ALISON EMERSON, THE HON. JOSEPHINE MOONEY, THE HON. JACQUELINE KAMINS, THE HON. KATHIE STEELE, CAROL BERNICK AND MEGAN LIVERMORE (in their official capacities as CEO of the OSBPLF), MICHAEL WISE, JEFFREY EDELSON, DESCHUTES COUNTY SHERIFF'S DEPARTMENT, MATTHEW YIUM, NATHAN STEELE, WARD GREENE, ANTHONY ALBERTAZZI and JOHN DOES (1-5), *et al.,* | PLAINTIFF RESPONSE IN OPPOSITION TO OREGON JUDICIAL DEPARTMENT DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

///

///

PAGE 1.   Plaintiff Response in Oppositon to Judicial Defendants' Motion
         to Dismiss

## RESPONSE

Plaintiff respectfully submits his response in opposition. The Judges named as defendants in this case knew that their individual and collective actions were unlawful and used the anti-SLAPP fee petition to target Plaintiff for his opposition to the distribution of child porn and for exposing these Judges to public ridicule. The anti-SLAPP fee awards referenced herein are objectively provable as unlawful and excessive.

## INTRODUCTION

After this Court granted the respective Motions to Dismiss in federal case 3:19-cv-01988, Judges Kamins and Mooney published an order and opinion that the Rote's appeal of the anti-SLAPP award was objectively unreasonable. The fee petition award to child predator Max Zweizig was appealed to the Oregon Court of Appeals. The Opening Brief in that appeal case A173463, provided herein as **Doc 18-10**, shows the 37 out of 63 entries that were unrelated and not reasonably connected to the anti-SLAPP proceeding. This is objectively provable by reference to **Doc 18-1**. There is no need for idle speculation. Thus the limits imposed by Oregon law on an award of fees and costs in an anti-SLAPP proceeding are being ignored, the excess fees being awarded as an act of retaliation by the defendants. Plaintiff's 42 US §1983, §1985 and Constitutional Claims are valid even if and to the extent the judicial defendants enjoy absolute immunity for some or all of their acts. Only further discovery will tell to what extent judicial interference was outside the scope of a specific judge's immune acts. Plaintiff seeks a finding that the as applied in cases 19cv01547 and 18cv45257 Oregon's anti-SLAPP law is unconstitutional.

**RELEVANT FACTS**

Williams Kastner Greene and Markley and shareholder Ward Greene represented Max Zweizig in a fraudulent transfer lawsuit against Timothy Rote and his wife Tanya Rote, in Clackamas Court case 19cv01547. That action was filed on January 9, 2019. The Rote's counterclaimed against Zweizig and Third Parties Williams Kastner, Taryn Basauri and Joel Christiansen. Zweizig, defendant Greene representing Zweizig, filed an anti-SLAPP Motion to Strike the Rote's counterclaims. James Callahan, hired by the Oregon State Bar Professional Liability Fund ("PLF") to represent Kastner, also filed an anti-SLAPP Motion to Strike and Motion to Dismiss. Hart Wagner, hired by the PLF to represent Joel Christiansen, also filed an anti-SLAPP Motion to Strike.

Defendant Judge Ann Lininger granted the respective anti-SLAPP Motions to Strike in case 19cv01547. Plaintiff and Third Party Defendants in that case (including Zweizig (defended by Greene)), Kastner (defended by Callahan) and Christiansen (defended by Hart Wagner)) then filed their respective attorney fee petitions. Greene filed a fee petition through an amended declaration on May 27, 2020, his first declaration incorrectly not attaching the fee petition billing detail (**Doc 18-1**). The Rote's took issue with the fee petitions on multiple grounds, all of which were ignored by the Lininger Court. A hearing on the fee petitions was completed on July 13, 2020. The Court issued its order granting the fee petitions on July 15, 2020. The two orders (Clackamas 19cv01547 case doc #194 and #195) most relevant to this case are provided herein as **Docs 18-2 and 18-3**. **Doc 18-2** is the order granting Zweizig's fee petition, a proposed draft of which was prepared by Ward Greene. Plaintiff has alleged that during the anti-SLAPP hearing in January 2020 Judge Kathie Steele was in Ann Lininger's chamber and exercised control and influence over Lininger's award of unlawful attorney fees.

PAGE 3.   Plaintiff Response in Oppositon to Judicial Defendants' Motion
         to Dismiss

Just after publication of the July 2020 award, **Doc 18-2**, Ward Greene and Williams Kastner resigned from representing Zweizig. According to Zweizig, Greene resigned no longer wanting to be associated with Zweizig and the raping of children. See **Doc 18-4**. Defendant Anthony Albertazzi joined as counsel representing Zweizig on August 13, 2020. Notice was provided of the change and Ward Greene executed that Notice. See **Doc 18-5**.

Albertazzi then took over where Ward Greene left off. Albertazzi secured a judgment on the anti-SLAPP fee award in January 2020. See **Doc 18-6**.

The Rote's appealed the grant of the anti-SLAPP Motions to Strike (A173748) and once the Zweizig attorney fee limited judgment was executed also appealed the award of attorney fees (A174364).

The Oregon Court of Appeals affirmed without opinion the grant of the anti-SLAPP Motions to Strike. Zweizig did not make an appearance, although the PLF did hire counsel to represent him, attorney John Barhoum. See **Doc 18-8**.

Although the other parties entered into a settlement agreement, Zweizig refused to do so. Zweizig successfully prosecuted the appeal of the anti-SLAPP Motion to Strike fee award of $20,970. The Rote's had bonded the $20,970 fee award in case 19cv01547 during the pendency of the appeal. The Oregon Court of Appeals affirmed without opinion the Zweizig award. See **Doc 18-9**. The appeal of the attorney fee award was hard fought, Helen Tompkins representing Zweizig. The Rote's argued that the fee petition evidence submitted by Greene showed that 37 entries out of 63 billing entries were blatantly unrelated and not reasonably connected to the anti-SLAPP proceeding. See **Doc 18-10, filed June 30, 2021**.

During this same period of time, Zweizig continued to pursue his fraudulent transfer action in Clackamas case 19cv01547. In March 2021, Clackamas County Court granted the

PAGE 4.   Plaintiff Response in Oppositon to Judicial Defendants' Motion
            to Dismiss

Rote's Motion for Summary judgment against Zweizig's claims. See **Doc 18-11**. It is undisputed that Court found that after two years of discovery there was no objective evidence offered by Zweizig to prosecute that fraudulent transfer claim. Zweizig appealed that judgment and order. The Oregon Court of Appeals upheld the Summary Judgment against Zweizig's claims. Zweizig, through Tompkins, petitioned for reconsideration. The Rote's responded, included herein as Doc **18-12**. The OCA denied the Petition, Doc **18-13**.

After Zweizig prevailed on the anti-SLAPP fee, and through defendant Albertazzi, he moved to collect on the bond. He represented in that Motion for Distribution of Money that there were no liens against the bond and no money was due Kastner. See Doc **18-16**. The Clackamas Court did not grant Zweizig's Motion for disbursement of funds because Exhibit 3 of **Doc 18-16** attached an appellate judgment from a different case, which the Rote's pointed out to the Court. Rote has in that 19cv01547 case filed a Motion for contempt for the knowingly false declaration filed by both Zweizig and Albertazzi in support of that Motion.

The Oregon Court of Appeals issue an order and opinion in A174364 dated May 19, 2022 showing Ward Greene in the cc section of that published opinion (**Doc 18-19**). In spite of the Rote's proving that 37 entries of the Zweizig fee petition (**Doc 18-1**) were unrelated to the anti-SLAPP, as outlined in the Rotes Opening Brief (**Doc 18-10**), the Oregon Court of Appeals Judges Kamins and Mooney went on the record that the Rote's appeal was ***objectively unreasonable***. Plaintiff alleges that this kind of abusive opinion has and will be used to target disfavored citizens and is evidence of substantive due process violations.

ORS 31.152 and IRS 20.075 (2) specifically mandate the fees awarded be associated with the anti-SLAPP. There is no judicial discretion to award more or less than reasonable fees and costs associated with the anti-SLAPP proceeding.

PAGE 5.   Plaintiff Response in Oppositon to Judicial Defendants' Motion
              to Dismiss

The credibility of Plaintiff's issue with the award as being unlawfully excessive and a substantive die process violation is objectively provable by reference to **Docs 18-1, 18-10 and 18-19**. Greene made no attempt to mask the fees unrelated to the anti-SLAPP, other than perhaps to add multiple entries together in a block billed format.

In 2018 Plaintiff Rote filed a malpractice, breach of contract and breach of fiduciary duty lawsuit against defendants Andrew Brandsness, the Oregon State Bar Professional Liability Fund, Carol Bernick and Pam Stendahl. Nancy Walker was also sued. Judge Mosman removed the case from state court and immediately dismissed the Plaintiff's complaint. Rote appealed to the 9th Circuit and won, the 9th ordering the case remanded without Nancy Walker. In Clackamas case 18cv45257, and after the 9th Circuit ordered that case remanded back to Clackamas County, Plaintiff Rote in that case filed a Third Amended Complaint naming Nena Cook and Anthony Albertazzi as defendants in a new Oregon Racketeering Claim. The PLF hired Cook to represent Zweizig in Clackamas Case 19cv14552. Nena Cook had been added for using the PLF representation of Zweizig to tamper with engineer Zweizig's false testimony and admissions in case 19cv01547, wherein Zweizig admitted that the PLF represented him free of charge, admitted that he did not solicit that representation but would not admit to why he was represented.  Anthony Albertazzi was also sued for his role in the racketeering enterprise, although unlike Cook and the other PLF Defendants (PLF, Bernick, Stendahl and Cook) the Third Amended Complaint in that case was not served on Albertazzi.

After remand and after the Third Amended Complaint was served on the PLF defendants, the PLF moved to dismiss the Plaintiff's breach of contract, breach of duty and RICO claims against the PLF group of defendants. See **Plaintiff Exhibit 2**. The PLF also filed an anti-SLAPP Motion to Strike the claims against Nena Cook. See Plaintiff Exhibit 2, page 30. Albertazzi

PAGE 6.   Plaintiff Response in Oppositon to Judicial Defendants' Motion
             to Dismiss

although not served the amended complaint also filed an anti-SLAPP Motion to Strike and alternative Motion to Dismiss. See **Plaintiff Exhibit 3**. Because this is not a collateral attack on the dismissal of the Plaintiff's claims, **Exhibits 2 and 3** are provided only for reference to the anti-SLAPP fee petitions, the limited judgments and orders (**Plaintiff's Exhibits 4, 5 and 7**) pertaining thereto.

During the pendency of those Motions to Dismiss, Plaintiff Rote issued a subpoena for records of coverage on Zweizig. The PLF group opposed the subpoena. See **Plaintiff Exhibit 2, pages 42-52**. The question presented on that issue is that the PLF had no contractual mandate to represent Zweizig in cases 19cv14552 and 19cv01547, where it appears that Cook, Barhoum and Tompkins were at various times hired to represent child predator Max Zweizig.

Pro tempore Judge Michael Wise assigned the 18cv45257 case. Plaintiff objected to Wise assignment on multiple grounds and argued that he would not receive a fair hearing in front of Wise. Nonetheless Wise evaluated his own independence in that case and determined to decide the merits of the PLF and Abertazzi's Motions. Without provocation and during the hearing Wise claimed that Defendants Lininger and Kathie Steele encouraged Wise to become a Judge pro tempore. Plaintiff has interpreted this unprovoked statement from Wise as confirmation that he was going to grant the Motions to Dismiss as an act of discrimination and retaliation for Rote bringing a civil rights case against Kathie Steele. See **Plaintiff's Exhibit 1**.

Wise granted the PLF's Motion to Dismiss and also appears to have granted the Motion to Strike Nena Cook. Wise also granted Albertazzi's Motion to Strike and/or Motion to Dismiss. The Defendant's Motions are provided herein as **Plaintiff Exhibits 2 and 3**. On January 12, 2022 defendant Kathie Steele signed the limited judgment dismissing the claims against Albertazzi. On January 25, 2022, Steele signed the limited judgment dismissing the claims

against the PLF defendants. See **Plaintiff Exhibit 4 and 5**. Clackamas Court did not serve notice of the signed judgments to Plaintiff Rote. Defendant Kathie Steele was at the time of executing the limited judgments a defendant in case 3:19-cv-01988, a case dismissed by this Court in March 2022. That case has been appealed to the 9th Circuit.

Wise also granted the PLF's Motion to quash Rote's subpoena of the coverage agreement between Zweizig and the PLF. No order granting the PLF's Motion to Quash has been signed. The PLF has not provided Rote with a copy of that coverage agreement. See **Plaintiff Exhibit 2, pages 42-52**.

The PLF group was and is represented in case 18cv45257 by now defendant Matthew Yium of the law firm Foster Garvey out of Portland. Albertazzi was and is represented by attorney Nathan Steele out of Bend. Both Yium and Steele are named defendants in this case for pursuing anti-SLAPP Motions to Strike and Motions to Dismiss fee petitions that are knowingly unlawful and which are identified in this case as constitutional violations. See **Plaintiff Exhibits 6 and 9**.

Subsequent to Wise granting the Motions to Dismiss and Strike, the PLF and Albertazzi filed fee petitions for their respective successes. Nathan Steele filed the Albertazzi fee petition for $20,000 that conflated the Motion to Strike with the Motion to Dismiss, which then constituted an unlawful fee petition that was unsupported by ORS 31.152 (2). Plaintiff opposed the fee petition on multiple grounds. See **Plaintiff Exhibit 6**. Wise granted a hearing on the fee petition and awarded the entirety of the fees and costs sought by Albertazzi during a period of time when Wise's pro tempore status had expired. At issue in this case is the unconstitutional use of the fee petitions to discriminate and retaliation against Plaintiff. Wise executed the order and limited judgment on the Albertazzi fee petition on April 18, 2022, which is provided herein as

**Plaintiff Exhibit 7**, during a period of time in which he was no longer a pro tempore Judge. Again Wise knew he was not a standing pro tempore Judge when he executed the order and judgment of April 18, 2022. Plaintiff however needed to find this out and did so from the Oregon Judicial Department. In July 2022, the Supreme Court of Oregon reinstated Wise from July 21, 2022 to December 31, 2022.  Wise knew he was not a standing Judge pro tempore when hearing the fee petition from Albertazzi and when executing the judgment. See Plaintiff **Exhibit 8**. A rehearing on the fee petition by Wise was ordered and held. No subsequent order or Judgment has been issued to date.

The PLF also filed a fee petition, a hearing on which is still pending; however, like Albertazzi's fee petition, the PLF's petition by Yium is also unlawful and more specifically seeks fees for (1) the attorney work in the 9th Circuit defending a Motion to Dismiss ($30,000), a Motion is which the PLF lost; (2) time for a Motion to Dismiss which is not recoverable ($29,000); (3) time that has not been supported by the underlying fee petition ($10,000); and (4) a very small amount of time for the anti-SLAPP ($7,000). See **Plaintiff Exhibit 9**. The PLF's time and fees for the anti-SLAPP is instructional and goes right to the excessive, unlawful and unconstitutional fee petitions of Ward Greene and Zweizig (**Doc 18-1**) and the Opinion and Order from Judges Kamins and Mooney announcing that opposing the unlawful fee petitions is by their notion objectively unreasonable (**Doc 18-19**).

## ARGUMENT

**I.      The Anti-SLAPP Fee Constitutional Abuses**

**A.      *Zweizig Anti-SLAPP Fee Petition in Clackamas Case 19cv01547***

Plaintiff alleges the Oregon Judicial Department, through and by the defendant judicial actors Steele, Lininger, Kamins and Mooned did act and conspire to act to deny Plaintiff

substantive and procedural due process. Plaintiff argues that Greene, Albertazzi and Edelson aided and abetted those violations.

On January 9, 2019 Ward Greene, representing child predator Max Zweizig, filed a fraudulent transfer action in Multnomah County against Timothy Rote and non-debtor Tanya Rote alleging therein that Timothy Rote transferred a Sunriver property to Tanya Rote to avoid a judgment Zweizig secured in federal case 3:15-cv-2401. Greene registered the judgment in Deschutes County believing that Court to be friendly to child predators. At the same time Greene filed a *lis pendens* in Deschutes County seeking to stop the sale of that Sunriver property owned by Tanya Rote. The property sale was scheduled to close a few days after Greene filed the *lis pendens*. The *lis pendens* had the effect intended by Zweizig and a sale of that Sunriver property was disturbed and eventually failed, Zweizig refusing alternative property—choosing instead to attack Tanya Rote and her property.

Tim Rote filed an answer deny all claims of a fraudulent transfer and filed counterclaims associated with the fraudulent transfer action. Tanya Rote also filed an answer denying all claims of a fraudulent transfer and filed counterclaimed for the interference with the sale and other related damages. The counterclaims were attacked by Zweizig in an eight page anti-SLAPP Motion to Strike, five pages of which boiler plate that one would find in almost all anti-SLAPP—citing ORS 31.150, the two prong test, and the major Oregon case law as relevant points of authority.

Clackamas County Judges Lininger and Steele enthusiastically supported Zweizig even knowing he was an active child predator. By declaration Rote alleges that Steele was in Lininger's Chambers assisting Lininger with the anti-SLAPP Motion to Strike hearing (**Decl**). Ward Greene recognized that enthusiastic support and upon prevailing on the anti-SLAPP

PAGE 10.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
             to Dismiss

Motion to Strike the defendants counterclaims, filed an attorney fee petition $20,970. Greene represented Zweizig in the collection effort and spent time working on multiple areas of litigation for Zweizig that were unrelated and not reasonably connected to the anti-SLAPP Motion to Strike and this is unrefuted. Nonetheless, Greene recognized that Lininger was antagonistic towards the Rote's and filed a fee petition wherein 37 out of 63 entries had nothing to do with the effort on the anti-SLAPP. Greene's original petition failed to attach his client billing statements, which he corrected in an amended declaration of May 27, 2020. See Doc 18-1.

ORS 31.152 (3) provides that "a defendant who prevails on a special motion to strike made under ORS 31.150 (Special motion to strike) shall be awarded reasonable attorney fees and costs." In determining a reasonable attorney fee award under ORS 31.152(3), the trial court must consider factors enumerated in ORS 20.075. The ORS 20.075 (2) (a) factor is "The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services." Plaintiff presumes it is generally understood by experienced attorneys that there is no legal right to attorney fees in an anti-SLAPP Motion to Strike proceeding for fees associated with a host of activities unrelated to the anti-SLAPP proceedings. One of the leading cases in this area is *Robinson v. DeFazio*, 284 Or App 98 (2017), which notes that there must be a rational nexus between the [ORS 20.075] factor invoked, and its underlying circumstances, and the amount [awarded], *Id*. 108.

Judge Lininger's order provides some insight as to what she was thinking. Granted the order was drafted by Ward Greene and other attorneys hired by the PLF, but nonetheless Judge Lininger's order of June 16, 2020 made several findings implicating violations of substantive due process, including therein a statement suggesting the hours were reasonable because "counsel

had to navigate complex and difficult issues related to the Motion to Strike." **Doc 18-2, page 3, line 5-6**. This appears to be the only statement attempting to address the question on whether the hours were actually for the prosecution of the anti-SLAPP Motion to Strike.

On Appeal, the Rote's identified the 48 entries with which they took issue as having no nexus to the anti-SLAPP Motion to Strike or excessive, starting with the first entry on March 15, 2019 and ending with the last entries on the date of the Motion to Strike hearing, January 20, 2020, wherein a new staff member was slamming the file after the former staff member left Williams Kastner. Ward Greene's four hour of prep time and $2,200 in charges to make a two minute presentation at the January 2020 hearing was also excessive. The Oregon Court of Appeals ignored these arguments and in violation of its own dicta, citing *Robinson* and others. The Lininger opinion was affirmed without opinion.

Then through opposing counsel hired by the PLF, attorney Helen Tompkins (representing Zweizig on that appeal), filed a fee petition for $22,000 and claimed the Rote's Appeal was objectively unreasonable. The Oregon Court of Appeals awarded Tompkins/Zweizig $11,400 in attorney fees costs and made therein a statement that the Rote's appeal of the Lininger anti-SLAPP fee award was objectively unreasonable. See *Doc 18-19*. The Supreme Court of Oregon denied review on July 7, 2022.

In the interim Zweizig provided a declaration in case 19cv01547, on December 21, 2020, wherein he admitted that Greene resigned from representation no longer wanting to be associated with Zweizig and the raping of children. See **Doc 18-4**. Ward Greene resigned from representing Zweizig a short time after the Order granting his legal fee petition was signed, July 16, 2020. See **Doc 18-2**. Anthony Albertazzi took up the representation in August 2020 and prosecuted Zweizig's claims in case 19cv01547 up until the Court granted the Rote's Motion for Summary

Judgment on March 24, 2021. During the same MSJ hearing, Zweizig sought to suppress his deposition of December 21, 2020 containing his admissions of perjury, of child predation and loathing of the federal court.

Zweizig of course appealed the Court granting the Rote's summary judgment. The Oregon Court of Appeals affirmed judgment without opinion and denied his petition for reconsideration on March 21, 2022.

The arguments on the Albertazzi fee award and PLF fee petition, as outlined below further buttress Plaintiff's argument that the Oregon Court's use of the anti-SLAPP fee awards are beyond the intent of ORS 31.152 (3) and beyond the legal precedent and Oregon law.

Plaintiff presumes that this Court could draw from the above record that Zweizig had no objectively reasonable basis to prosecute the fraudulent transfer case for two years and that the anti-SLAPP fee petition brought by Ward Greene/Zweizig of May 2020 was unlawful facially, most of the entries being associated with activities unrelated to the anti-SLAPP. Moreover the biased finding made by Lininger were made to justify the constitutional abuse and by and large refuted when the Rote's ultimately prevailed on Summary Judgment.

Plaintiff presumes that for a Court of Appeals to claim then that the Rote's were objectively unreasonable in pursuing an appeal of the fee award is an indictment of Judges Kamins and Mooney, an indictment that would require a finding that the Oregon Judicial Department violated the Rote's substantive due process rights when those Judges made that highly biased ruling.

This Court noted in a prior case that it took an oath to uphold the law and constitution of the United States. Regardless of whether there is an action in damages that can be taken, Plaintiff asks this Court for a finding that the anti-SLAPP fee petition awarded in case 19cv01547 and

PAGE 13.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
          to Dismiss

affirmed on appeal by the Oregon Court of Appeals was a tool being used to persecute the Rote's for pursuing their right of petition and as applied is facially unconstitutional.

B.    **The Albertazzi anti-SLAPP Fee Petition in Case 18cv45257**

Defendant Albertazzi was named a defendant in case 18cv45257 for tampering with Zweizig's testimony and although not served the complaint nonetheless filed an anti-SLAPP Motion to Strike and Motion to Dismiss the claims against child predator Albertazzi.

Pro tempore Judge Michael Wise was assigned the case for Monday Motion hearings. In spite of being a former partner and office mate of Sheno Payne (Appeal attorney for Max Zweizig) and in spite of Wise acting on a Motion for his own recusal, a violation of Oregon law, Wise heard the Albertazzi and PLF Motions to Dismiss and anti-SLAPP Motions to Strike Plaintiff Rote's claims.

The hearing on the Motions to Strike and Dismiss was held on September 28, 2021 and is provided herein as Exhibit 1. Wise disclosed "While I'm quite familiar with Judge Steele and Judge Lininger, especially being that those are the ones that asked me to serve as a pro tem judge, I must let you know, Mr. Rote, that for the first time in my 30-year career, I had to hire a lawyer on a matter. And that lawyer hired another lawyer to assist in the case and that lawyer is Matt Kalmanson." See **Plaintiff Exhibit 1, page 7, line 3-10**.  There is nothing in Plaintiff's letter to Wise that would have invoked Just Steele or Judge Lininger into this conversation. Moreover, Judge Wise statements about needing an attorney for the 1st time in 30 years and Matt Kalmanson being his attorney are also untrue. Nonetheless, Wise adjudicated the hearing and granted Albertazzi and PLF's respective Motions.

As predicated Albertazzi then filed a fee petition for an anti-SLAPP Motion to Strike (where a reasonable fee award is mandatory) and Motion to Dismiss (where a fee award is by

exception). In so far as Plaintiff is not attempting to collaterally attack the Dismissals through this action, **Exhibits 2 through 5** are offered as some reference to the proceedings leading to the anti-SLAPP fee petition. Plaintiff **Exhibit 6** is the Albertazzi/Nathan Steele fee petition.

As in the Ward Greene fee petition, Plaintiff takes issue with many of the entries in the Albertazzi fee petition as outlined in **Exhibit 6**, pages 10-15. Specifically, Steele is seeking to recover 86.6 hours in contrast to Ward Greene's petition of 61 hours and in great contrast to the PLF's fee petition of 25 hours. What is apparent is that the PLF is setting and approving a budget of $20,000 for an anti-SLAPP action and the attorneys hired by the PLF, such as Nathan Steele, do not leave that money on the table. And while half the effort in that action is for the Motion to Dismiss, there is no attempt by Nathan Steele to distinguish between that which is recoverable and that which is not. Plaintiff pointed out for example that the billing detail was for both the anti-SLAPP and Motion to Dismiss but the billing detail labeled all that time as anti-SLAPP and also charged $6,000 for communicating with Matthew Yium, his client, the PLF and reviewing 10 years of case history on Plaintiff. When all the fluff is carved out the accurate award should not have exceeded $7,000.

In so far as Wise has been practicing for 35 years and Plaintiff Rote made those distinguishing arguments as to what may be awarded and what may not, combined with Wise's invocation of Kathie Steele and Lininger, for Wise's false claim associated with the PLF hiring Matt Kalmanson recently, and for presiding over his own hearing on recusal, Plaintiff allegations herein of substantive and procedural due process violations are plausible. Plaintiff understands that the Oregon Judicial Department dependents are not invoking the plausibility standard but are relying solely on absolute immunity.

PAGE 15.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
          to Dismiss

Plaintiff discovered that Wise term as pro tem Judge expired in December 2021. The limited judgments of January 12, 2022 granting Albertazzi Motion to Strike and Dismiss, signed by Judge Kathie Steele is further evidence that there are tactical actions being taken and being solicited by the defendants to deny Plaintiff due process. Judge Kathie Steele was a defendant in case 3:19-cv-01988 at the time she signed the January 12th limited judgment and under the Oregon Code of Judicial Conduct was precluded from engaging in any act in the 18cv45257 case. She was also not presiding Judge of Clackamas at that time and was not assigned the duty of signing the limited judgments. She intervened to sign those judgments.

Michael Wise also signed the limited judgment for Albertazzi's fee petition on April 18, 2022 when he was no longer a pro tem Judge, a status he did not disclose. See Plaintiff **Exhibit 7**. Plaintiff had to discover this and take action by via a Motion to Set Aside the Judgments signed by Steele and actions taken by Wise during his expired term. The Court acknowledged Wise's pro tem status issue. See Plaintiff **Exhibit 8**.

Plaintiff will leave the balance of this argument on Nathan Steele and Albertazzi for their respective Motions to Dismiss in this case.

There is a stacking of events on Albertazzi's recent fee petition and Ward Greene's early fee petition that makes it all too clear that the Oregon Judicial Department believes its actors have an absolute right to violate the 14th Amendment mandates of substantive and procedural due process with the umbrella of absolute immunity. Plaintiff wonders however that while this described behavior of the judicial defendants named in this case aids and abets the distribution of child porn if the State would also ask this Court to look the other way if this was a case where the Oregon Judicial Department condoned and supported the sale of slaves at pioneer square downtown Portland.

PAGE 16.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
          to Dismiss

Because Black Lives Matters has such as strong political presence in the nation and in particular in the democrat party, it is unlikely that the Oregon judicial Department would even quietly seek the support of any Judge advocating for the return of slavery; however, it is equally clear that the Oregon Judicial Department is not repulsed by aiding and abetting child molestation and child trafficking…and they have showed up time and time again to support admitted child predator Max Zweizig.

We are at war against the Oregon Judicial Department's attack over the safety of our children. Plaintiff asks that this court find the anti-SLAPP fee awarded Albertazzi violated procedural and substantive due process and as applied is unconstitutional.

### C.    The PLF's Anti-SLAPP Fee Petition in Clackamas Case 18cv45257

The PLF Groups anti-SLAPP and Motion to Dismiss fee petition seeks close to $70,000 in attorney fees and costs, including those fees associated with a 9th Circuit Appeal—which they lost. See Plaintiff's **Exhibit 9**. A hearing on the merits of the fee petition has not been scheduled.

Again this is not a collateral attack on the petition for attorney fees. Rather this is another body of evidence showing that an agency of the state, the professional liability fund, files a petition for fees that not lawful and in so doing implicates an expectation of preferential treatment.

Plaintiff **Exhibit 9**, page 8 shows in some detail the time and fee charges sought by the PLF in their unsuccessful appeal to the 9th Circuit. As outlined in Plaintiff Rote's brief, the time and billing records submitted by Matthew Yium of Foster Garvey, who represented the PLF defendants, starting at page 18, were meticulously documented by Plaintiff by billing date to arrive at a total by category. Some $31,000 was for the Appeal to the 9th.

Plaintiff **Exhibit 9, page 9** shows in some detail the time and fee charges sought by the PLF after the 9th Circuit remand of case 18cv45257, $7,175 of which is related to the anti-SLAPP Motion to Strike.

Plaintiff also argued in that case that the PLF Defendants, not providing that detailed summary in a form that could be analyzed, presumably served their intent to seek and additional $10,000 above the fee and billing support provided (without discussion) and to draw the Court's attention away from the duplication of effort for the time incurred after June 30, 2021.

Again, the PLF Group intends to file a Motion to Dismiss. Plaintiff provides this limited discussion and evidence in support of his allegations that the fraudulent fee petitions far exceeding reasonable fees under ORS 31.152 (3) and ORS 20.075 (2) are being submitted to numerous Oregon Judges with an expectation that the excessive and unlawful fee petition will be used to persecute the Plaintiff for pursuing his due process rights. When awarded as in the Greene and Albertazzi facts, these awards are substantive due process violations. The Oregon judicial department is so comfortable in this abuse that on occasion a statement in an opinion implicates the goal of the judicial action and sets the framework of a complaint such as the one brought by Plaintiff in this case.

## II.    The Argument On Absolute Judicial Immunity

The question that will always be raised is whether State Judges enjoy absolute immunity to 42 USC §1983 claims? The Supreme Court of the United States opined that they are protected from damages but not injunctive and declaratory relief. See *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 US 719 - Supreme Court 1980.

Citing at *Id. 735*, "Adhering to the doctrine of *Bradley v. Fisher*, 13 Wall. 335 (1872), we have held that judges defending against § 1983 actions enjoy absolute immunity from damages

liability for acts performed in their judicial capacities. *Pierson v. Ray*, 386 U. S. 547 (1967); *Stump v. Sparkman*, 435 U. S. 349 (1978). However, we have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts. The Courts of Appeals appear to be divided on the question whether judicial immunity bars declaratory or injunctive relief we have not addressed the question.

Plaintiff will amend his complaint to add a demand for declaratory and injunctive relief against the Judicial defendants. Plaintiff notes that case *Supreme Court of Va. v. Consumers Union of United States, Inc.* specifically arose and resulted in a finding that the Virginia Court and its chief justice properly were held liable in their enforcement capacities. *Id., at 736*. Plaintiff will amend his complaint to allege violations by the Oregon Court and Chief Justice Martha Walters.

What remains is a question of judicial capacities in the context of the anti-SLAPP and whether the acts specifically described in this case fall within judicial capacity.

Plaintiff argues that the September 20, 2021 hearing shows that it is plausible to find Michael Wise engaged with the Court before the hearing including contact with Judges Lininger and Steele before addressing his recusal in case 18cv45257, by reference to **Exhibit 1**, **pages 6-8**. No part of Plaintiff's communication to the Court invokes any statement about Lininger and Steele and accordingly Plaintiff alleges contact by them to Wise falls outside of their respective judicial capacities. Discovery needs to be done on what the contact with the Court involved. Defendants would not be shielded against a §1985 conspiracy claim or other activity outside of their judicial capacities to aid and abet constitutional violations of substantive and/or procedural due process.

Plaintiff argues that Kathie Steele executing the limited judgments of January 12th and 25th of 2022 are not likely acts enjoying judicial immunity. Steele was not presiding Judge at the time those orders were signed. Defendants have made no allegation that these orders derived from her interference with the anti-SLAPP and Motions to Dismiss proceedings adjudicated by Michael Wise were protected judicial acts. Further discovery may reveal that presiding Judge Michael Wetzel assigned these limited judgments to Steele, but as of this time Plaintiff makes a plausible argument that they were not and could not be. The Oregon Code of Judicial Conduct would have specifically precluded Steele from engaging in this case while she was a defendant in case 3:19-cv-01988, which was not dismissed until March 23, 2022.

Steele is not protected from soliciting the abusive acts of Ann Lininger when she granted the anti-SLAPP Motions to Strike Plaintiff's claims in case 19cv01547. Plaintiff alleges plausibly and without any attempt to refute by the judicial defendants that Steele was in Lininger's chamber coaching Lininger during the January 2020 anti-SLAPP hearing. That allegation is sufficient to impune the attorney fee awarded by Ann Lininger of July 16, 2020 (**Doc 18-2**). The allegations asserted by Lininger were that the Rote's were guilty or resisting Zweizig's efforts to take Tanya Rote's property and thus an anti-SLAPP award was appropriate. Of course they have nothing to do with each other, but that is the record. The Rote's subsequently prevailing at Summary Judgment shines a light on Lininger. Plaintiff concedes that Lininger may be immune from §1983 damages from that order (**Doc 18-2**), but not for §1985 conspiring with Kathie Steele (who was presiding Judge at that time in 2020) to deprive the Rote's of substantive due process.

Citing *Stump v. Sparkman*, 435 U. S. 349 (1978), the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be

PAGE 20.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
            to Dismiss

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction citing therein *Bradley v. Fisher*, 13 Wall *at 351*.

On August 16, 2022 Clackamas County Judge Michael Wetzel issued a letter confirming that Michael Wise was not a duly appointed pro tem Judge from December 8, 2021 to July 20, 2022. See **Plaintiff Exhibit 13**. Judge Wetzel cites the de facto Judge doctrine, *DHS v JH*, 370 Or App 85 (June 8, 2022), as providing validity to Wise's actions and orders, especially since many of the orders were signed by regular Judges. Plaintiff interprets that letter and case citation as confirming jurisdiction to Wise during his proceedings, but does not excuse the signing the January 2022 orders by Steele, who while a regular Judge could not exercise jurisdiction once disqualified. Plaintiff would also argue that the Wise orders were derived after Wise presided over his own hearing in disqualification, which at a minimum makes his decisions void or voidable under Oregon law. Plaintiff raises this as a component of the volume of activity satisfying the plausibility Standard.

Thus Plaintiff argues and concludes that with respect to Steele there was a clear absence of jurisdiction. The acts of Lininger, Kamins, Mooney and Emerson have jurisdiction for their judicial acts and would not to that extent be subject to damage under §1983. Should discovery show however that one or more of these judges solicited from others, including any one of the other defendants, violations of the Plaintiff's Fourteenth Amendment right to substantive due process, there should be liability under §1985.

Regardless this Court would have jurisdiction and discretion to provide declaratory relief that as applied in case 19cv01547 and 18cv45257, the anti-SLAPP fee awards were used to retaliate against Plaintiff pursuit of his due process rights, are as applied unconstitutional and

PAGE 21.  Plaintiff Response in Oppositon to Judicial Defendants' Motion
             to Dismiss

enjoin the Oregon Judicial Department from awarding anti-SLAPP fees above those supported by the fee petition.

### III.   The Application of the Plausibility Standard

In *Bell Atlantic v. Twombly,* 550 U.S. 544, 547 (2007) and *Aschroft v. Iqbal,* 556 U.S. 662, 678 (2009) the Supreme Court held that in order to survive a motion to dismiss for failure to state a claim, a complaint must be plausible. To satisfy this plausibility standard, a complaint must plead sufficient facts to permit a reasonable inference that the defendant is liable for the alleged misconduct.

Plaintiff has alleged specific facts to show that the Order issued by Ann Lininger contained highly prejudicial statements about the Rote's, allegations that were subsequently proven false when the Rote's prevailed in Summary Judgment, implicating substantive due process violations. See **Doc 18-2, 18-1 and 18-10**.

Plaintiff has alleged specific facts to show that the fee petition by Zweizig contained 37 entries that had nothing to do with the anti-SLAPP proceedings and should not under Oregon law have been awarded, citing ORS 31.152 (3) and ORS 20.075 (2) (a). See **Doc 18-1 and 18-10**.

Plaintiff has alleged specific facts to show that the abuses of Ann Lininger were solicited by then presiding Judge Kathie Steele (2020). See Plaintiff Declaration. This allegation is un-refuted.

Plaintiff alleged specific facts to show that Michael Wise invoked Judge Steele and Lininger in a September 20, 2022 hearing without provocation implicating a facial admission that Wise had engaged with Lininger and Steele and was going to retaliate against Plaintiff for his Civil Rights actions. See **Exhibit 1, pages 6-8**.

Plaintiff alleged specific facts to show that Wise held a hearing on his own disqualification rendering his orders and judgments void or voidable under Oregon law. **Exhibit 1, page 4-10**.

Plaintiff alleged specific facts to show that Wise granted a Motion to Dismiss and anti-SLAPP in favor of Albertazzi knowing full well that Albertazzi had not been served the Third Amended Complaint. **See Exhibit 1**.

Plaintiff alleged specific facts to show that Wise awarded attorney fees to Albertazzi of twice the amount supported in the attorney fee petition and applying ORS 31.152 (3) and ORS 20.075 (2). See **Plaintiff Exhibit 6**.

Plaintiff alleged specific facts to show that in a rehearing in June 2022, in front of Wise on the April 18, 2022 Judgments signed by Wise, that Wise invoked ORCP 68 after Mooney and Kamins did the same in the order issued by them in Appeal case 174364. See **Plaintiff's Declaration**.

Plaintiff alleged specific facts to show that Wise signed the order and limited judgment on the award of attorney fees to Albertazzi when Wise was not an appointed pro tem Judge and that Wise knew he was not an appointed pro tem Judge. See **Plaintiff Exhibits 7, 8 and 13**.

Plaintiff alleged specific facts to show that Judges Mooney and Kamins opined in an order dated May 19, 2022, that the Rote's appeal of Ward Greene's fee petition was objectively unreasonable in spite of the Rote's objectively proving that 37 out of 63 entries were unrelated to the anti-SLAPP proceedings. See **Docs 18-19, 18-10 and 18-1**.

Plaintiff alleged specific facts to show that Judge Steele acted outside of any plausible jurisdiction to sign the January 12th and 25th 2022 limited judgments secured by Michael Wise

and signed by Steele when she was not the presiding Judge of Clackamas County and was a defendant in 3:19-cv-01988. **See Exhibits 4 and 5**.

Plaintiff alleged specific facts to show that the Oregon State Bar Professional Liability Fund Group filed a fee petition seeking $70,000 on an anti-SLAPP fee petition, wherein the billing statements only supported a $7,175 fee. See Plaintiff Exhibit 9. Plaintiff has shown that the anti-SLAPP fee petition awards should have been in the $7,000 range and not the plus $20,000 in damages awarded punitively. See **Docs 18-1, 18-10 and Exhibits 6 and 9**.

Plaintiff has alleged sufficient facts to show Judge Alison Emerson awarded $8,500 to Max Zweizig for Plaintiff failing to secure a notary's signature and instead provided a response by declaration.

Plaintiff has alleged sufficient facts to show that the judicial defendants actions are designed to benefit litigant Max Zweizig and that the defendants are well aware that Zweizig is an active child predator. Plaintiff has alleged specific facts to show that Defendants are aware that Zweizig's deposition of December 21, 2020 (filed in cases 19cv01547 and 18cv45257) shows he admits to lying to the jury and losing an attorney over his child predation (which he did not deny). See **Doc 18-4**. Plaintiff has alleged specific facts to show that Zweizig moved to suppress his Deposition of December 21, 2020, claiming he would not get a fair trial if his child porn activity was known. **See Exhibit 1**.

Plaintiff alleged sufficient facts to show that the Defendants were aware of the forensic reports on Zweizig's child predation and other criminal activity, said forensic report (s) filed in cases 19cv01547 and 18cv45257. See excerpt of such a report by Steve Williams, **Exhibit 12** Plaintiff alleged sufficient facts to show that Josh Duggar has been convicted of possessing and

distributing child porn, the same findings and forensic opinion on the record in that case showing the same forensic detail as found on Zweizig's computer. See **Exhibit 11**.

Plaintiff has alleged sufficient facts to show that the anti-SLAPP fee petition is tool in the Oregon Judicial Departments arsenal and to show a pattern of abusive behavior implicating US 42 §1983 and §1985 and Constitutional violations of due process.

Plaintiff has alleged that the violations contained herein are endorsed by the Oregon Court of Appeals and Supreme Court of Oregon. See **Doc 18-19**.

## CONCLUSION

Plaintiff will amend his Complaint asking for declaratory and injunctive relief. Plaintiff would point out that this Court already put the Oregon Judicial Department on notice of its concerns on Plaintiff's complaint in case 3:19-cv-1988. Instead of modifying behavior on the anti-SLAPP fee awards, Judges Mooney and Kamins signaled notice that anti-SLAPP fee petitions will continue to be used to attack disfavored citizens, a very clear signal that substantive and procedural due process violations of the 14th Amendment will continue in Oregon. Even worse, Judges Mooney and Kamins have confirmed institutional support of child pornography and child predation.

Plaintiff asks this Court to stop them.


Dated: August 31, 2022


                                    s/ *Timothy C. Rote*
                                    Timothy C. Rote
                                    *Pro Se* Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2022, I filed the foregoing with the Clerk of the Court. Defendants have been served electronically through the Court's ecf and by mail.

NATHANIEL AGGREY #172283
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Nathaniel.Aggrey@doj.state.or.us
Of Attorneys for Defendants Oregon Judicial
Department, Emerson, Kamins, Liniger, Mooney,
Steele, and Wise

s/ Timothy C. Rote
Timothy C. Rote
*Pro Se Plaintiff*