Timothy C. Rote
7427 SW Coho Ct. #200
Tualatin, OR 97062
Phone: (503) 272-6264
E-Mail: timothy.rote@gmail.com
*Pro Se* Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY ROTE,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON JUDICIAL DEPARTMENT, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, THE HON. ANN LININGER, THE HON. ALISON EMERSON, THE HON. JOSEPHINE MOONEY, THE HON. JACQUELINE KAMINS, THE HON. KATHIE STEELE, CAROL BERNICK AND MEGAN LIVERMORE (in their official capacities as CEO of the OSBPLF), MICHAEL WISE, JEFFREY EDELSON, DESCHUTES COUNTY SHERIFF'S DEPARTMENT, MATTHEW YIUM, NATHAN STEELE, WARD GREENE, ANTHONY ALBERTAZZI and JOHN DOES (1-5), *et al.,*<br><br>    Defendants. | Case No.: 3:22-CV-00985<br><br>PLAINTIFF'S DECLARATION OPPOSING THE JUDICIAL DEFENDANTS' MOTION TO DISMISS |

///

///

PAGE 1.   PLAINTIFF DECLARATION

I, TIMOTHY ROTE, do hereby declare:

1. I represent myself in the above-captioned case. I make this declaration on personal knowledge and am competent to testify to the matters stated herein.

2. Exhibit 1 is a true and correct copy of the September 20, 2021 hearing transcript wherein Michael Wise acknowledged a Motion to recuse HIM and made statements on the record implicating communication with Ann Lininger and Kathie Steele about cases 18cv45257 and 19CV01547. During that hearing Wise acted unlawfully in both having a hearing and entertaining argument on his recusal. He also and falsely claimed he was recently sued for what sounded like malpractice and the PLF hired Matt Kalmanson to represent him. In fact, and after reaching out to Kalmanson, I was able to confirm that the event Wise referred to was not malpractice and happened more than 10 years ago.

3. Exhibit 2 is a true and correct copy of the PLF Defendant's Motion to Dismiss and separate anti-SLAPP Motion to Strike, followed by my subpoena and Motion to Compel production of the representation agreement between the PLF and Max Zweizig. Wise granted that Motion after the September hearing. No order granting the PLF's Motion to quash has been signed.

4. Exhibit 3 is a true and correct copy of Albertazzi's combined anti-SLAPP Motion and Motion to Dismiss. I never served the Third Amended Complaint to Albertazzi identifying Albertazzi as a defendant in my RICO claim. Albertazzi did not file a waiver of service of the third amended complaint. Wise was well aware that the Third Amended Complaint was not served but granted the Motion to Dismiss and anti-SLAPP anyway after the September 20th hearing.

5. Exhibit 4 is a true and correct copy of the January 12, 2022 limited judgment dismissing the claims against Albertazzi in case 18cv45257. The limited judgment was signed by Judge Kathie Steele. I did not receive Notice of the entry of judgment from Clackamas County Court.

6. Exhibit 5 is a true and correct copy of the January 25, 2022 limited judgment dismissing the claims against the PLF defendants in case 18cv45257. The limited judgment was signed by Judge Kathie Steele. Judge Steele has been a defendant in case 3:19-cv-01988 since early 2019 when it was filed and disqualified as to that 18cv45257 action. I did not receive Notice of the entry of judgment from Clackamas County Court.

7. Exhibit 6 is a true and correct copy of Albertazzi's attorney fee petition declaration bhy Nathan Steele, his billing detail and my objection to that fee petition. Although half the time associated with Nathan Steele's time representation of Albertazzi was connected to a Motion to Dismiss (wherein fees may not be awarded), Judge Wise ignored those rules and awarded twice what Albertazzi was allowed under ORS 31.152 (3) and ORS 20.075 (2) (a). The time associated with the anti-SLAPP is all that should have been awarded. I deduced that the PLF has set the budget for anti-SLAPPs and Motions to Dismiss at $20,000. Nathan Steele's 86 hours for this activity is in stark contrast to the same effort by Mathew Yium in the PLF's fee petition, which showed 27 hours and approximately $7,000 for the anti-SLAPP portion and essentially the same anti-SLAPP Motion.

8. Exhibit 7 is a true and correct copy of an April 18, 2022 order and limited judgment awarding legal fees to Albertazzi. I did not receive notice of the entry of judgment from Clackamas County Court. This order and judgment was executed by Wise after his pro tem

PAGE 3.   PLAINTIFF DECLARATION

status expired. As the Court may well be aware, pro tem Judges must be appointed by the Supreme Court of Oregon.

9. I suspected something was amuck with Wise after Judge Steele signed the limited judgments in January 2022. I noted that the published list of pro tem Judges did not include Michael Wise. I inquired of the Oregon Judicial Department if Wise was still a pro tem Judge and was informed he was not. I asked the Judicial Department to communicate to Clackamas Court that Wise was not authorized to be functioning as a pro tem Judge.

10. Exhibit 8 is a true and correct copy of an order issued by the Supreme Court of Oregon appointing Wise as a pro tem Judge from July 21, 2022 through December 31. I have already moved to set aside the limited judgments signed by Steele and Wise in 2022.

11. Exhibit 9 is a true and correct copy of the PLF's fee petition and my objection to that petition. Most notably the PLF is pursuing $70,000 on a Motion to Dismiss. As my objection shows, only 28.7 hours and $7,175 in fees from Matthew Yium are for the anti-SLAPP Motion to Strike claims against Nena Cook. The balance of the time is for the Motion to Dismiss the claims against the PLF, Bernick and Stendahl, claims for breach of contract and breach of fiduciary duty by the PLF and PLF managers. Bernick was the CEO and Stendahl the claims adjuster. Approximately $31,000 of the fee petition is for the pre 9th Circuit mandate, the fees of which were incurred by the PLF group attempting to prevail in a 9th Circuit appeal I brought when Michael Mosman dismissed the complaint. I prevailed in that appeal. Approximately $10,000 is unsupported by the billing detail.

12. The judicial defendants have gone out of their way to support and award excessive fees on two of the anti-SLAPP fee petitions referenced in this case, fees that are unrelated to the anti-SLAPP and far exceed the fees authorized under ORS 31.152 (3) and described in ORS

PAGE 4.   PLAINTIFF DECLARATION

20.075 (2) (a), which is interpreted to mean fees incurred for the anti-SLAPP proceeding. The term "proceeding" is specifically referenced in ORS 20.075 (2) (a).

13. In Ward Greene fee petition the billing detail showed that only $7,000 out of his $20,970 award was actually incurred and otherwise having a nexus to the anti-SLAPP proceeding. In Albertazzi's award the underlying billing detail provided by Nathan Steele showed only $10,000 of the $20,000 awarded was reasonably connected to the anti-SLAPP. In the PLF's fee petition, while not awarded as yet, Matthew Yium and the PLF obviously feel comfortable asking for $70,000 even though their billing detail only shows that $7,175 has any nexus to the anti-SLAPP.

14. Plaintiff is reasonably sophisticated compared to most *pro se* litigants and it's this level of experience with hourly billing that has allowed Plaintiff to generate and file reports showing hoe excessive the fee petitions are. I have repeated been forced to take the very marginal accounting by the attorney defendants and put the billing statements into a detailed spreadsheet. That activity then allows me to summary the time and billing amounts by category of effort to identify the excessive fees and the fees unrelated to the anti-SLAPP. Even when this detailed analysis is presented to the judicial defendants, when it is also un-refuted by the attorney defendants, the judicial defendants nonetheless award the entire fee petition. Moreover the latest order and opinion from the Oregon Court of Appeals states that it is unreasonable for Plaintiff to appeal an award of fees in an anti-SLAPP when those fees are unrelated to an anti-SLAPP and violate Oregon law.

15. In the latest of the order and opinions from the judicial defendants it is clear that the Oregon judicial defendants wish to hang their judicial hats on a statement that there was no request for special findings under ORCP 68. Judge Kamins and Mooney made that statement

in their opinion and order, Doc 18-19. Judge Wise made a similar statement on the record in a June 2022 rehearing of my objection to the form of the order and limited judgment he signed in April 18, 2022. It appears that the Oregon judicial department is attempting to hide these constitutional violations under an ORCP 68 umbrella wherein they believe they are entitled to use their positions of power to breach substantive due process, even when the billing records and opposition argument shows very clearly the limits to what may be awarded for the anti-SLAPP. It makes me cringe to think how less sophisticated *pro se* litigants are treated.

16. The attorney defendants provided highly redacted billing detail and unsubstantiated conclusions on the amounts that should be rewarded in these anti-SLAPP proceedings. Providing those billing statements without any effort to organize and accumulate hours and amounts to specific categories of effort supporting an anti-SLAPP is prima facie evidence that these attorney defendants are knowingly engaged in this tactical effort and are therefore adding and abetting in procedural and substantive due process.

17. As I have explained many times now, Zweizig committed perjury in case 3:15-cv-2401 with the assistance of counsel to secure a $1 Million judgment. The forensic evidence suppressed in that trial included testimony and reports showing Zweizig used his assigned business computer hard drive to accumulate child pornography and made that filth available to other predators accessing his computer from the internet. Similar litigants like Joshua Duggar have been convicted of criminal possession and distribution of child porn on less evidence than suppressed in Zweizig's federal case. In Zweizig's December 21, 2020 deposition in case 19cv01547 Zweizig admitted that Ward Greene resigned wanting to distance himself from Zweizig, distance himself and his firm from those forensic reports and

the inherent conclusion that Zweizig is an active predator who has raped numerous children. Zweizig then with the help of Albertazzi filed a Motion to suppress his deposition from the public arguing that he would not be able to have a fair jury trial in case 19cv01547 if they knew of his child porn, if they knew of his admissions in that December deposition and his perjury in that case. The PLF stepped up to represent Zweizig free of charge in case 19cv01547 knowing he was an active child predator who had already lied to a jury. And now the PLF is colluding with the Oregon Judicial Department to use the anti-SLAPP to tag me with an exorbitant amount of attorney fees in what is objectively provable as collusion among the defendants.

18. Exhibit 10 is a true and correct copy of a transcript from a hearing in case 19cv01547. That hearing addressed two subjects. The first was Zweizig's Motion to suppress his deposition of December 21, 2020, wherein he admitted to lying to the jury in case 3:15-cv-2401. In that same deposition, Zweizig admitted that his former attorney Ward Greene no longer wanted to be associated with Zweizig and the raping of children after reviewing the forensic reports, an excerpt of one of which is attached hereto as Exhibit 12.

19. Exhibit 11 is a true and correct copy of a news post summary of a computer forensic expert's testimony in the Josh Duggar trial in December 2021. Duggar partitioned his hard drive into two sectors just as Zweizig did. Duggar maintained his regular business records and email on one sector while keeping his child pornography on the other sector. Zweizig did the same thing, as police officer Steve Williams opined in August 2005. They used the same or similar peer to peer program to exchange the child porn with other predators over the internet. Duggar was convicted and is now in prison.

PAGE 7.   PLAINTIFF DECLARATION

20. Exhibit 12 is a true and correct excerpt of a report issued by Police officer and computer forensic expert Steve Williams. The full report provides names of the child porn videos downloaded and maintained by Zweizig from May 2002 to November 12, 2003, when Zweizig re-formatted the hard drive. Josh Duggar did not have an opportunity to reformat the hard drive and destroy evidence. All three forensic experts hired during an arbitration between Zweizig and one of my companies opined that Zweizig downloaded and disseminated child porn, porn, music and videos. One of the forensic experts was hired by Zweizig.

21. Exhibit 13 is a true and correct copy of a letter issued by Judge Michael Wetzel, presiding Judge of Clackamas County Court. This letter confirms the status of Michael Wise.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated: August 31, 2022

s/ *Timothy C. Rote*
Timothy C. Rote
Plaintiff *Pro Se*

PAGE 8.   PLAINTIFF DECLARATION

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, I filed the foregoing with the Clerk of the Court. Defendants have been served electronically through the Court's ecf system and I have also provided a courtesy copy by mail.

NATHANIEL AGGREY #172283
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Nathaniel.Aggrey@doj.state.or.us
Of Attorneys for Defendants Oregon Judicial Department, Emerson, Kamins, Liniger, Mooney, Steele, and Wise

                                              s/ Timothy C. Rote
                                              Timothy C. Rote
                                              *Pro Se Plaintiff*