**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**TIMOTHY C. ROTE**,

Plaintiff,

v.

**OREGON JUDICIAL DEPARTMENT, *et al.***,

Defendants.

Case No. 3:22-cv-00985-SI

**ORDER**

**Michael H. Simon, District Judge.**

This lawsuit essentially is the second iteration of an action that the Plaintiff, Timothy C. Rote, brought in 2019 against judges, attorneys, and others, alleging violations of his federal constitutional rights, among other claims. *Rote v. Committee on Judicial Conduct and Disability of the Judicial Conference of the United States, et al.*, Case No. 3:19-cv-01988-SI (D. Or.) (the "2019 Lawsuit"). After this Court dismissed the 2019 Lawsuit, Mr. Rote appealed to the Ninth Circuit. Case No. 22-35261 (9th Cir.). In October 2023, the Ninth Circuit affirmed the dismissal of the 2019 Lawsuit. Mr. Rote then asked for a rehearing by the three-judge panel or for a rehearing en banc. In January 2024, the Ninth Circuit denied both requests.

In July 2022, after the Court entered judgment in the 2019 Lawsuit but while Mr. Rote's appeal in that matter was pending before the Ninth Circuit, Mr. Rote filed the above captioned lawsuit against many of the defendants whom he previously had sued in the 2019 Lawsuit, plus a handful of additional defendants. All defendants filed motions to dismiss, but the Court held those motions in abeyance and stayed the action pending the Ninth Circuit's decision in Mr. Rote's appeal of the Court's dismissal of the 2019 Lawsuit. After the Ninth Circuit issued its decision affirming the Court's dismissal of the 2019 Lawsuit, the Court entered an Order to Show Cause directing Mr. Rote to explain why this action should not be dismissed for essentially the same reasons that the Court dismissed the 2019 Lawsuit. ECF 70. Mr. Rote timely responded to the Court's Order. ECF 71. After Mr. Rote responded, the Court granted the motions to dismiss. ECF 73. The Court, however, gave Mr. Rote leave to file a Second Amended Complaint only against the six defendants who were not previously named as parties in the 2019 Lawsuit. *Id.* These six Defendants are: Jeffrey Edelson, Deschutes County, the Deschutes County Sheriff's Department, Matthew Yium, Nathan Steele, and Anthony Albertazzi. *Id.* (The Court refers to Deschutes County and the Deschutes County Sheriff's Department collectively as the "Deschutes Defendants.")

In May 2024, Mr. Rote filed his Second Amended Complaint (SAC) (ECF 76) against these six Defendants. Against each of these six defendants, Mr. Rote alleges three claims. First, pursuant to 42 U.S.C. § 1983, Mr. Rote alleges violations of his right to free speech under the First Amendment ("First Claim"). Second, also pursuant to 42 U.S.C. § 1983, Mr. Rote alleges violations of his rights to procedural and substantive due process ("Second Claim"). Third, pursuant to 42 U.S.C. § 1985, subsections (2) and (3), Mr. Rote alleges a civil conspiracy to violate his civil rights. Each of the six defendants separately have moved to dismiss. *See* ECF 78

(motion filed by Anthony Albertazzi); ECF 79 (motion filed by Nathan Steele); ECF 84 (motion filed by Jeffrey Edelson); ECF 86 (motion filed by the Deschutes Defendants); and ECF 93 (motion by filed Matthew Yium). These motions have been fully briefed, and the Court does not believe that oral argument will be helpful in resolving the pending motions. For the reasons states below, the Court GRANTS all pending motions to dismiss with prejudice.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). A court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### A. Motion to Dismiss filed by Anthony Albertazzi (ECF 78)

Mr. Albertazzi is a private attorney practicing law in Oregon. Section 1983 creates a remedy for individuals deprived of federal rights by persons acting under color of state law, and it applies to private entities only under narrow circumstances. A plaintiff may not proceed unless, "under the facts of [the] case," the private entities are "appropriately characterized as state actors." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Courts faced with a § 1983 claim against a private party "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted). The U.S. Supreme Court has found state action when "a nominally private entity ... is controlled by an agency of the State"; when it has been "delegated a public function by the State"; when it is "entwined with governmental policies" or "government is entwined in [the private entity's] management or control"; or when it is "a willful participant in joint activity with the State or its agents." *Id.* Plaintiff's SAC fails to plausibly allege facts sufficient to show that Mr. Albertazzi engaged in state action. Further, Plaintiff has been afforded several attempts to state a claim, and the Court believes that any further efforts would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's two claims against Mr. Albertazzi brought under § 1983.

Plaintiff also asserts a claim under § 1985 against all defendants, alleging a conspiracy to deprive Plaintiff of his civil rights. To state a claim for conspiracy to discriminate under 42 U.S.C. § 1985(3), however, a plaintiff must allege the following four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Carpenters v. Scott*, 463 U.S. 825, 828-29 (1983). To satisfy the first element, a plaintiff must show the existence of a conspiracy or that the defendants agreed to deprive or attempt to deprive the plaintiff of a protected right. *See Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998); *see also Winstead v. District of Columbia*, 840 F. Supp. 2d 149, 161 (D.D.C. 2012). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). An express agreement need not be proven—the "conspiracy can be inferred from conduct." *Scott*, 140 F.3d at 1284; *see also United States v. Calabrese*, 825 F.2d 1342, 1348 (9th Cir. 1987). A plaintiff must also show that the conspiracy was "motivated by a purpose (malevolent or benign) directed specifically at" a protected class. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 270 (1993). Plaintiff's SAC fails to plausibly allege facts sufficient to show a conspiracy motivated by a purpose directed specifically at a protected class. Further, as noted, Plaintiff has been afforded several attempts adequately to state a claim, and the Court believes that any further efforts would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Mr. Albertazzi brought under § 1985.[1]

**B. Motion to Dismiss filed by Nathan Steele (ECF 79)**

Mr. Steele is a private attorney practicing law in Oregon. For the same reasons that Plaintiff fails to state a claim against Defendant Albertazzi, he fails to state a claim against

---

[1] Plaintiff's SAC also fails to plausibly allege facts sufficient to show a violation of § 1985(2), which prohibits obstructing justice by intimidating a party, witness or juror.

Mr. Steele. Further, Plaintiff has been afforded several attempts to state a claim, and the Court believes that any further efforts would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Mr. Steele.

**C. Motion to Dismiss filed by Jeffrey Edelson (ECF 84)**

Mr. Edelson is a private attorney practicing law in Oregon. For the same reasons that Plaintiff fails to state a claim against Defendant Albertazzi, he fails to state a claim against Mr. Edelson. Further, Plaintiff has been afforded several attempts to state a claim, and the Court believes that any further efforts would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Mr. Edelson.

**D. Motion to Dismiss filed by the Deschutes Defendants (ECF 86)**

Against the Deschutes Defendants, Plaintiff alleges his SAC that, In November of 2021, State Court Judge Alison Emerson of the Deschutes County Circuit Court issued a writ for the sale of Plaintiff's ownership interest in an Oregon corporation called Northwest Direct Homes, Inc. ("the Stock") to satisfy a judgment obtained against Plaintiff by Max Zweizig ("Zweizig"). SAC ¶ 41. Plaintiff objected to the sale on the grounds that the Stock was not owned by Plaintiff personally but was instead owned by his irrevocable trust. SAC ¶¶ 39, 41.

In accordance with the court-issued writ, the Deschutes County Sheriff's Office ("DCSO") published a notice of Sheriff's sale. The notice of sale incorrectly identified the property to be sold as Plaintiff's interest in "Northwest Homes, Inc., an Oregon corporation," rather than "Northwest Direct Homes, Inc., an Oregon corporation." SAC ¶ 37, 42. Plaintiff informed DCSO of this error, but DCSO did not correct the name of the company in the Notice of Sale. SAC ¶ 42, 113. At the time of the sale, no Oregon corporation existed with the name "Northwest Homes, Inc." SAC ¶ 113.

The Sheriff's sale took place on February 2, 2022. At the sale, no one bid on Plaintiff's interest in Northwest Homes, Inc., likely because the stock was for a fictional entity. SAC ¶¶ 37, 39, 42, 113. As a result, DCSO tendered Plaintiff's interest in the non-existent company to Zweizig. SAC ¶¶ 39, 113. Plaintiff later moved to set aside the February 2, 2022 sale, and on June 16, 2022 the circuit court set aside the sale. SAC ¶ 43. A new sale was rescheduled for December 1, 2022. SAC ¶ 44. Before that rescheduled sale, Plaintiff informed Deschutes County that he did not own the stock of Northwest Direct Homes, Inc., and he provided proof of that to Deschutes County. SAC ¶ 44. Nevertheless, Deschutes County held the December 1, 2022 sale in accordance with the terms of the writ issued by Judge Emerson, and on that date Plaintiff's interest in Northwest Direct Homes, Inc. was sold at a Sheriff's sale. SAC ¶ 113.

Based on these alleged facts, which the Court accepts as true, the Deschutes Defendants argue that Plaintiff has failed to state a claim for violation of his free speech rights under the First Amendment. Among other things, these defendants assert that Plaintiff has failed plausibly to allege that Plaintiff's protected speech was a motivating factor for any adverse action taken by these defendants. The Court agrees.

The Deschutes Defendants also argue that Plaintiff's due process claim also fails. They contend that the only allegation in support of Plaintiff's due process claim is contained in paragraph 141 of the SAC, which alleges that "Deschutes County and Sheriff when refusing to evaluate independent information of ownership will repeatedly allow even criminal organizations to fabricate a sale of stock of a fictitious company that will then be used to steal property owned by a different company, extending to the taking of property not owned by debtors, all with an absence of substantive due process, hiding behind facially flawed procedural due process." SAC

¶ 141. This allegation, however, is mostly conclusory and fails plausibly to state a due process claim against the Deschutes Defendants.

The Deschutes Defendants further argue that Plaintiff has failed to allege that Deschutes County caused him any cognizable injury. Because Plaintiff held no ownership interest in Northwest Homes, Inc., a non-existent entity, the sale of its supposed stock caused no actual injury. Further, the conduct of the Deschutes Defendants on December 1, 2022, selling Plaintiff's stock in Northwest Direct Homes was pursuant to the terms of a court-issued writ. Thus, there was no cognizable injury. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (explaining that to state a claim for relief under § 1983, the factual allegations of a complaint must plausibly suggest an entitlement to relief); *see also Ezor v. McDonnell*, No. CV 19-8851-JVS (AGR), 2020 WL 2813538 at *5 (C.D. Cal. April 13, 2020) (holding sheriff immune from suit for civil rights claims arising from implementation of a facially valid writ of execution and related court orders, and rejecting the plaintiff's argument that the sheriff had a duty to independently ascertain the legality of the writ) (citing *Engebretson v. Mahoney*, 724 F.3d 1034, 1039-41 & n.7 (9th Cir. 2013)).

Finally, regarding Plaintiff's claim under § 1985, Plaintiff's SAC fails to allege facts sufficient to support a claim that the Deschutes Defendants engaged in a conspiracy to violate Plaintiff's civil rights under 42 USC §1985. *See generally Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient" to allege a § 1985 claim).

Plaintiff's response (ECF 95) does not refute any of these points. Further, Plaintiff has been afforded several attempts to state a claim, and the Court believes that any further efforts

would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's claims against both Deschutes County and the Deschutes County Sheriff's Department.

**E. Motion to Dismiss filed by Matthew Yium (ECF 93)**

Mr. Yium is a private attorney practicing law in Oregon. For the same reasons that Plaintiff fails to state a claim against Defendant Albertazzi, he fails to state a claim against Mr. Yium. Further, Plaintiff has been afforded several attempts to state a claim, and the Court believes that any further efforts would be futile. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Mr. Yium.

## CONCLUSION

The Court now GRANTS WITH PREJUDICE all pending motions to dismiss. ECF 78 (motion filed by Anthony Albertazzi); ECF 79 (motion filed by Nathan Steele); ECF 84 (motion filed by Jeffrey Edelson); ECF 86 (motion filed by the Deschutes Defendants); and ECF 93 (motion by filed Matthew Yium). The Court will issue a Judgment to accompany this Order.

**IT IS SO ORDERED**.

DATED this 29th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge